

No. 15-10607

---

## United States Court of Appeals
## For the Fifth Circuit

---

Lisa Biron,
       Petitioner-Appellant



v.

Jody Upton, Warden,
       Respondent-Appellee

---

On Appeal from the United States District Court
For the Northern District of Texas

---

Appendix to Appellant's Brief

---

Lisa Biron, Esquire
Reg. #12775-049
FMC Carswell
P.O. Box 27137
Fort Worth, TX 76127

# Table of Contents

Amended Petition for Writ
     Case No. 4:14-CV-823-O ...................................... A

Petition for Writ
     Case No. 4:14-CV-772-O ...................................... B

Petitioner's Reply & Appendix ................................... C

Central Office's Response to
     Incident Report No. 2511967 ................................ D

**A**

**AMENDED PETITION FOR WRIT**
**Case No. 4:14-CV-823-O**

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

Lisa A. Biron,
    Petitioner )
)
)
v. )
)
)
Danbury FCI Warden )
Maureen Baird, )
    Respondent )
)
)
)

Case No.: _____

United States District Court
District of Connecticut
FILED AT    BRIDGEPORT
_____April 28_____ 20 14
Roberta D. Tabora, Clerk
By_____
Deputy Clerk

## AMENDED PETITION FOR A WRIT OF HABEAS CORPUS
### UNDER 28 U.S.C. § 2241

NOW COMES the Petitioner, Lisa A. Biron, pro se, to file this Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. §§ 2241, 2242, and Fed. R. Civ. Pro. 15(a)(1) and states in support as follows.

### Introduction

1.    When cause for this Petition arose, Petitioner, Lisa A. Biron, reg. # 12775-049, was confined at Danbury Federal Correctional Institution ("FCI"), Route 37, Danbury, Connecticut 06811.

2.    On March 5, 2014, while Petitioner was in the process of preparing this Petition, her legal papers and property were packed in boxes and she was moved from the Special Housing Unit ("SHU") in FCI Danbury to the SHU at the Metropolitan Detention Center ("MDC") in Brooklyn, New York.

3.    On or about March 13, 2014, after the Petitioner learned of the Federal Bureau of Prison's ("FBOP") intent to transfer her out of the Second Circuit, she filed the original, handwritten Petition with this Court.

4.    On March 25, 2014, Petitioner was removed from MDC Brooklyn and flown to the Federal Transfer Center ("FTC") in Oklahoma City, Oklahoma.

1

5.    On April 1, 2014, Petitioner was transferred to Federal Medical Center ("FMC"), Carswell, P.O. Box 27137, Fort Worth, Texas 76127.

6.    On April 14, 2014, Petitioner was finally reunited with her legal materials and property.

7.    To the best of Petitioner's knowledge, the original Petition has not been served on the Respondent and amendment is allowed as a matter of course.    (See 28 U.S.C. § 2242; Rule 15(a)(1)).

8.    Petitioner is currently serving a federal sentence having been convicted in the United States District Court for the District of New Hampshire, case no.: 1:12-cr-00140-PB-1; Petitioner's conviction is currently on appeal to the First Circuit Court of Appeals, docket no.: 13-1698.

9.    Petitioner brings this Petition to challenge the validity of two (2) prison disciplinary proceedings, which involve three (3) incident reports, that have resulted in the revocation of Good Time Credits and sanctions.

10.    The first DHO proceeding at issue occurred on November 20, 2013, and involved incident report no.: 2511967 (remedy id no.: 760540).

11.    The second DHO proceeding at issue occurred on February 19, 2014, and involved incident report nos.: 2543232 and 2545925 (remedy id nos.: 769475 and 773112 respectively).

12.    The three (3) incident reports at issue were wrongfully brought against the Petitioner for her lawful attempts to write to her daughter, R.B.

13.    The Petitioner had been writing to R.B. directly and through her Power of Attorney from Danbury FCI without incident since being incarcerated there in June 2013.

14.    It was only in October 2013, after Petitioner's involvement in reporting Officer Canarozzi's and Officer Bachelor's assault on former inmate Cruz that the Petitioner became a target for these unconstitutional actions of the Danbury FCI staff.[1]

---

[1] Petitioner is not addressing the constitutional violations in this Petition.  Such claims will be brought against the offending staff via a Bivens claim.

## The November 20, 2013 DHO Proceeding

15. On the morning of October 21, 2013, Petitioner placed in the outgoing mail slot mail to her Power of Attorney ("POA") directing him to send an email to R.B.

16. On the afternoon of October 21, 2013, Petitioner was put in the SHU under investigation, allegedly for this mailing.[2]

17. On November 4, 2013, because of this mail, Petitioner was charged in incident report no.: 2511967 with a code 196 violation (use of the mail to further criminal activity[3]).

18. On November 20, 2013, Petitioner was found guilty of the code 196 violation. Respondent found that Petitioner had violated two (2) no-contact orders (see footnote 3) and revoked 40 Good Time Credits, 180 days loss of phone, email and visiting privileges, and sentenced Petitioner to 30 days disciplinary segregation time in the SHU.

19. On November 28, 2013, Petitioner appealed this finding to Regional in accordance with the FBOP's Administrative Remedy Program arguing that there is no no-contact order from any court preventing the Petitioner from contacting R.B.

20. On December 13, 2013, Regional issued to the Petitioner a receipt for her appeal that stated Regional's response to her appeal was due by January 4, 2014.

21. Regional did not respond by the January 4, 2014 deadline and did not notify the Petitioner in writing, as required by 28 C.F.R. § 542.18, that it intended to extend this deadline.

22. Therefore, Petitioner treated Regional's lack of response as a denial at the Regional level (see id.) and on January 8, 2014, sent her appeal to Central.

---

2 Petitioner's confinement in the SHU came less than 24 hours after the Petitioner sent an email to Special Investigative Services Lt. Shepard to question why Officer Canarozzi was still having contact with inmates when he was supposed to be under criminal investigation.

3 Respondent has relied on inept legal analysis and an ethically questionable and incorrect opinion from the U.S. Attorney's office to conclude that a federal magistrate's oral, pre-trial statement made to the already detained defendant was a no-contact order. Respondent has also claimed that discretionary language out of a state civil family court's review hearing order is a no-contact order.

23. Petitioner's appeal to Central explained that Petitioner was treating Regional's
non-response as a denial. Petitioner included the argument that she made to
Regional regarding the non-existence of a no-contact order.

24. On January 21, 2014, Petitioner received Regional's untimely response. The
"delivered" stamp on the response stated "Jan. 21, 2014" but the date next to
Regional Director Norwood's signature stated "January 3, 2014."

25. Regional's untimely response overturned the code 196 (illegal mail) charge,
and changed the conviction to a code 296 violation (circumvention of mail monitoring
procedures).

26. Regional credited back 13 Good Time Credits, but let the other sanctions stand.

27. On January 24, 2014, Petitioner filed an addendum to her appeal to Central to
address and challenge Regional's untimely response and prejudicial due process
violations that convicted Petitioner of a completely new and very different charge
which she had no prior notice of, no hearing on, and no opportunity to defend against.

28. The addendum to Central included the untimely response from Regional and the
BP 10 that contained the Petitioner's original and now completely irrelevant argument
that there is no no-contact order.

29. On February 4, 2014. Petitioner received a rejection notice from Central dated
January 30, 2014 returning as "rejected" her January 8, 2014 appeal (see para. 22).

30. The reason stated by Central for the rejection of this appeal, which was filed
in accordance with 28 C.F.R. §542.18 due to Regional's lack of response, was that
Regional's response (and the BP 10) was not included with her appeal to Central.

31. Therefore, on February 7, 2014, Petitioner sent copies of the new code 296
appeal argument (from the addendum) that challenged Regional's new code 296
charge to Central along with Regional's response.

32. On February 27, 2014, Petitioner wrote a letter to Central requesting an
acceptance receipt for her appeal.

33. As of this amended filing, Petitioner has still received nothing from Central
acknowledging the acceptance of her appeal.

### Argument in Support of Expunging November 20, 2013
### Proceeding and Restoring Good Time Credits

34. According to 28 C.F.R. § 542.18, Central's non-response is a denial at that level and this matter is ripe for this Court's adjudication.

35. Apparently Regional's untimely response concedes the fact that there is not a no-contact order in place.

36. But instead of expunging Petitioner's incident report and restoring her Good Time Credits, the Regional Director has violated Petitioner's due process rights by confusing his appellate review function with that of the DHO's fact-finding function. Specifically, he has changed the code 196 conviction to a code 296 conviction by finding "facts" at the appellate level to support the new charge.

37. The Due Process Clause of the Fifth Amendment requires that certain minimum due process protections are accorded to an inmate in a prison disciplinary proceeding. First, advance "written notice of the charges must be given to the disciplinary-action defendant in order to inform [her] of the charges and to enable [her] to marshal the facts and prepare a defense." Wolff v. McDonnell, 418 U.S. 539, 564 (1974). "Part of the function of notice is . . . to clarify what the charges are, in fact." Id. (internal citation omitted).

38. Clearly, in the instant case, the Petitioner was not given advanced notice of the charge against her. She was convicted of violating a code 296 (circumvention of mail monitoring procedures) based on facts found by Regional at the appellate level, but she was notified that she was charged with a violation of a no-contact order (code 196).

39. Accordingly, the entire focus of the Petitioner's defense at the DHO hearing, including her documentary evidence and testimony, was directed at attempting to prove that there was not a no-contact order barring contact with R.B.

40. As a result of this due process violation, the Petitioner was severely prejudiced by being unable to defend herself against the allegation that she

5

circumvented the facility's mail monitoring procedures (code 296).[4]

41. As a result of this prejudicial due process violation, Petitioner's incident report should be expunged and her Good Time Credits and privileges restored.

### The February 19, 2014 DHO Proceeding

42. On January 29, 2014, after receiving Regional's response overturning the abovementioned code 196 conviction, the Petitioner mailed a letter properly addressed with an FBOP Trulincs label to R.B. and was <u>again</u> charged with a code 196 violation - use of the mail for an illegal purpose.

43. On February 3, 2014, Petitioner notified the FCI Danbury prison administration in writing that her constitutional rights were being violated and that she intended to attempt to mail another letter addressed to R.B.

44. Included in this notification were the following prison staff members: Warden Maureen Baird, Captain Pagli, Associate Warden Porter, Mr. Lafaye, West Unit Manager Richard Shamro, Special Investigative Services ("SIS") Officer Nadeau, SIS Officer Moreland, and SIS Officer Norby.

45. Shortly after giving this notice, Petitioner deposited R.B.'s letter in the outgoing mail slot.

46. The letter included a yellow Post-it note attached to the front of the envelope which requested that the mailroom staff notify SIS of the mailing.

---

4 Regional's new charge of circumvention of mail monitoring in its untimely response alleged that Petitioner "wrote a letter to a third party attempting to communicate with [R.B.]" and that Petitioner "attempted to hide the identity of [R.B.] by writing in code and referring to her as 'Cousin Erin'." Regional did not, however, claim that Petitioner may not legally contact R.B.
   Had Petitioner had an opportunity to answer and defend this charge she would have stated as follows: Petitioner wrote a letter to her Power of Attorney requesting that he email R.B. who is on the Petitioner's FBOP approved contact list, whom she may legally contact, and whom she may refer to by any name she wants to. As explained in Petitioner's appeal to Regional (BP 10, footnote 1), the Danbury FCI mailroom staff had been illegally confiscating mail with R.B.'s name in it. The reference to R.B. as "Cousin Erin" was a private joke between Petitioner and her POA inspired by the ignorant actions of the staff in confiscating Petitioner's mail. The fact that Petitioner did not attempt to hide R.B.'s identity is blatantly obvious by the fact that Petitioner referred to two of R.B.'s schools by name, called the family dog by name, asked about R.B.'s Dad, and signed the message, "Love, Mommy."

47.  As a result, on February 6, 2014, Petitioner was charged with a code 296 violation - use of the mail for abuses other than criminal that circumvent mail monitoring procedures.

48.  On February 19, 2014, the Petitioner's West Unit Manager, Mr. Richard Shamro (see para. 44) sat as DHO, over Petitioner's objection, and performed the hearing on the January 29, 2014, code 196 violation (incident report no.: 2543232), and the February 3, 2014, code 296 violation (incident report no.: 2545925).

49.  At the hearing, Petitioner filed a written Objection to Performance of Hearing by Biased DHO Shamro that memorialized the fact that the Petitioner and Mr. Shamro had previously debated the existence/non-existence of a no-contact order.  This Objection included as an exhibit emails between the Petitioner and Mr. Shamro dated September 25, 2013 and September 26, 2013 discussing the subject.

50.  In addition, the Petitioner filed a Written Defense of Alleged Code 196 Violation. She did not submit a written defense to the code 296 circumvention charge because the mailing was so obviously not an attempt to circumvent mail monitoring that she was certain that charge would be dropped.

51.  At the hearing DHO Shamro found Petitioner guilty of the code 196 (incident report no.: 2543232), and the code 296 circumvention charge (incident report no.: 2545925) was changed and raised to a code 196 as Mr. Shamro declared, "This was not circumvention."

52.  To summarize the outcome of the DHO hearing to this point, the Petitioner had been found guilty of two (2) 196 code violations for the supposed violation of a no-contact order.

53.  Petitioner was sentenced to 60 days (30x2) disciplinary segregation time; revocation of 54 (27x2) Good Time Credits; and 360 days (180x2) loss of visiting and commissary restriction.

54.  However, when the Petitioner received the DHO reports two (2) days later in the SHU, she was mystified to find that the two (2) 196 code convictions had been

changed to two (2) 296 (circumvention) convictions after the hearing was adjourn-
ed, and outside of her presence.

55. The Captain's secretary, Ms. Shackro, was present and witnessed the hearing
and the aftermath (including the changing of the code convictions).

56. On February 24, 2014, Petitioner filed her appeal to Regional.

57. Because the appeal involved one DHO Hearing and identical incidents, the
Petitioner submitted one BP 10 and one argument. She clearly identified both
incident report numbers on the BP 10 and the attached argument page. The argument
was clear, concise, and typed in English. In the appeal the Petitioner summarized
the irregular hearing procedures and directed Regional to the papers Petitioner
filed at the hearing.

58. On March 3, 2014, the Petitioner received her appeal back rejected from Regional
with a rejection notice dated February 27, 2014.

59. The rejection notice stated, "write your appeal in English; see unit team for
help" and stated that the DHO reports had to be included.

60. Petitioner mailed her appeal back to Regional on March 4, 2014 and included a
copy of both incident reports.

61. On March 5, 2014, as stated above, Petitioner was moved from the SHU at FCI
Danbury to the SHU at MDC Brooklyn.

62. On March 17, 2014, the Petitioner received a second rejection notice and return
of her appeal from Regional.

63. This second rejection notice (addressed to the Petitioner at Brooklyn MDC)
was dated and postmarked March 10, 2014 and stated that Petitioner must file a
separate appeal for each unrelated issue or incident report. The notice gave
Petitioner 10 days from the date of the rejection notice to resubmit the appeal.
The 10 day deadline included mail-time and made timely resubmission impossible.

64. Lieutenant Tamayo and Officer Shaw of MDC Brooklyn both witnessed the fact that
the rejection notice was delivered to the Petitioner on March 17, 2014 at 6:30 p.m.

65. Petitioner requested either officer note the delivery date and time on the rejection notice as staff verification but because they were not familiar with this common procedure, they refused. Therefore, Petitioner herself noted the date and time of delivery and the names of the witnessing officers on the rejection notice. Unit Manager Mr. Facie is also aware of the late delivery and of the officers' refusal to initial or sign as witnesses.

66. Petitioner obtained a second BP 10 form from Mr. Facie and had photocopies made of the argument and the rejection notice with the delivery date and time and the witnessing officers' names and resubmitted two (2) separate and complete copies of the appeals. Both appeals were identical except for citing to the different incident reports on each BP 10 and argument page.

67. The two (2) appeals were mailed back to Regional in the same envelope on March 19, 2014. This mailing is documented at MDC Brooklyn and Petitioner has made two (2) unanswered requests for the documentation to prove this fact.

68. On March 25, 2014, as stated above, the Petitioner was taken from MDC-Brooklyn and sent to the Federal Transfer Center ("FTC") in Oklahoma City, Oklahoma.

69. On April 1, 2014, Petitioner was transferred to the Federal Medical Center ("FMC"), Carswell in Fort Worth, Texas.

70. On April 7, 2014, Petitioner received Regional's third rejection notice dated March 28, 2014, addressed to her at FTC Oklahoma. This latest rejection notice rejected incident report no.: 2543232 (received by Regional on March 25, 2014), and stated that the appeal was rejected because it was untimely and to provide staff verification for being untimely within 10 days of the date of the rejection notice (another impossibility because of the late delivery).

71. On April 12, 2014, Petitioner mailed a letter to Mr. Facie at MDC Brooklyn with a copy of the rejection notice received on March 17, 2014 (see para. 62-65) again requesting that Officer Shaw or Lieutenant Tamayo sign it.

72. On April 16, 2014, Petitioner received Regional's rejection notice for incident report no.: 2545925 also dated March 28, 2014 and addressed to Petitioner at FTC

Oklahoma. This notice stated, "your appeal is untimely, it was due to the NERO by 3/13/14 it was rcv'd on 3/25/14. Provide staff verification for being untimely."[5]

73. Petitioner had each rejection notice initialed by FMC Carswell staff verifying the delivery date of these rejection notices.

74. The Petitioner has made every effort to comply with the FBOP's Administrative Remedy Program and Regional's numerous rejections are wrongful and in bad faith especially since Petitioner's First Amendment right to send mail has been jeopardized.

75. This matter is ripe for this Court's adjudication.[6]

### Argument in Support of Expunging February 19, 2014 Proceeding and Restoring Good Time Credits

76. As stated, in part, above, the Petitioner has the right to certain due process protections in prison disciplinary proceedings. Among these protections are prior notice of the charges against her and the right to an unbiased DHO. See Wolff, 418 U.S. at 564.

77. In addition, the Supreme Court has held that a finding of "some evidence" in the record to support the conviction is necessary to satisfy the requirements of due process. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).

78. In the instant case, notice was insufficient and the Petitioner was prejudiced because the charged code violations were changed to code 296s after the Petitioner left the hearing. And although one of the incident reports originally charged Petitioner with a code 296, Petitioner never defended against the circumvention charge because DHO Shamro quickly changed the code to a 196 (illegal mail) stating, "This was not circumvention." This bait and switch maneuver violated Petitioner's due process rights.

---

5 Oddly, the March 10, 2014 rejection notice (received on March 17, 2014) (see para. 63) gave the Petitioner 10 days to resubmit the appeal which would have been March 20, 2014.
6 The Petitioner believes that the FBOP has no intention of ever addressing the merits of her appeal. She reserves developing her argument to the Court as to why she should be excused from exhausting her administrative remedies until such time as the BOP has the audacity to argue that she has not.

79. Further, West Unit Manager Shamro was not an unbiased DHO. He had a direct, personal involvement in the subject matter of the charges, and, therefore, should not have presided as DHO. See Rhodes v. Robinson, 612 F.2d 766 (3d Cir. 1979). As Petitioner explained in her Objection filed at the hearing, she and DHO Shamro had been arguing over Danbury FCI's erroneous position regarding a no-contact order since the summer of 2013.

80. Finally, there is no evidence in the record to support the finding of a code 296 violation for circumvention of the institution's mail monitoring procedures.

81. "Circumvention" can be defined as "to get around or bypass, especially by trickery, craft or scheme." (Webster's 3d New Int. Dict.). Both the January 29, 2014 and the February 3, 2014 mailings were properly addressed with approved FBOP Trulincs labels to the intended and authorized recipient, R.B. And the latter mailing was even announced ahead of time and had a yellow Post-it note attached to the front of the envelope so the letter did not slip through unnoticed.

### Conclusion and Prayer for Relief

82. For the foregoing reasons, the Petitioner requests this honorable Court grant this amended Petition, expunge her record, restore her Good Time Credits, and lift any and all remaining sanctions that resulted from the November 20, 2013 and February 19, 2014 disciplinary proceedings against her, and grant such other relief as is just and equitable.

Respectfully submitted by:

4/23/14

_Date_

Lisa A. Biron
Reg. # 12775-049
Federal Medical Center Carswell
P.O. Box 27137
Fort Worth, Texas 76127

I, Lisa A. Biron, do hereby declare, under penalty of perjury, that the foregoing information in this amended Petition is true and correct, and that the original and one (1) copy of said Petition have been this date deposited in the inmate legal mail system.

4/23/14

_Date_

Lisa A. Biron

**B**

**PETITION FOR WRIT**
**Case No. 4:14-CV-772-O**



UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 1 9 2014    ):38 pm

CLERK, U.S. DISTRICT COURT
By _____
Deputy

Lisa A. Biron,
    Petitioner

                        )    Case No.:
v.                  )
                       )    **4-14CV-772-0**
Jody Upton, Warden,
    Respondent.

## PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

1.    The Petitioner, Lisa A. Biron, <u>pro se</u>, brings this Petition to challenge the loss of good time credits and various privileges resulting from a wrongful FBOP disciplinary action stemming from the erroneous finding that there exists a court-order barring contact between Petitioner and her sixteen (16) year-old daughter, R.B.

2.    Since April 1, 2014, the Petitioner has been confined at Federal Medical Center, Carswell, Texas, on a federal sentence.

3.    On July 31, 2014, the Petitioner was found guilty at DHO hearing of violating a Code 296 for sending mail to R.B. in an attempt to violate a no-contact order.

4.    There is no such order barring contact.

    WHEREFORE, the Petitioner respectfully requests this Court expunge her disciplinary conviction, restore her good time credits and privileges, and grant such other relief as is just and equit-able.

Respectfully submitted by:

9/18/14
Dated

*Lisa Biron*

Lisa A. Biron
Reg. # 12775-049
FMC Carswell
P.O. Box 27137
Fort Worth, TX 76127

## CERTIFICATION

I, Lisa A. Biron, do hereby declare, under penalty of perjury, that the foregoing information in this Petition is true and correct, and that the original and one (1) copy of said Petition have been this date deposited in the inmate legal mail system U.S. postage paid.

9/18/14
Dated

*Lisa Biron*

Lisa A. Biron

2

Lisa A. Biron
Reg. #12775-049
Federal Medical Center, Carswell
P.O. Box 27137
Fort Worth, TX 76127


Clerk of Court                          September 18, 2014
U.S. District Court
501 W. 10th St., Room 310
Fort Worth, TX 76102


Re: § 2241 Petition, Biron v. Upton

Dear Clerk:

I have enclosed for filing with the Court an original and one
(1) copy of my § 2241 Petition.

The filing fee will arrive under seperate cover.

Thank you for your attention to this matter.

                              Sincerely,

                              *Lisa Biron*

                              Lisa Biron

NORTH TEXAS TX PRDC
DALLAS TX 750
18 SEP 2014 PM 7 L

←12775-049←>
US District Court
Clerk of Court
501 W 10TH ST
Room 310
FORT Worth, TX 76102
United States

76102975999

Name Lisa Ryan
Reg. No. 10775-049
Federal Medical Center, Carswell
P.O. Box 27137
Ft. Worth, TX 76127

CLERK OF COURT
2014 SEP 19 PM 1:38
NORTHERN DIST. OF TX
Ft. WORTH DIVISION



**C**

**PETITIONER'S REPLY & APPENDIX**



**ORIGINAL**

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAR 06 2015

CLERK, U.S. DISTRICT COURT
By _____
Deputy

Lisa A. Biron,
Petitioner

v.

Jody Upton, Warden,
Respondent.

Case No.: 4:14-CV-772-O
(Consolidated with
4:14-CV-823-O)

<u>PETITIONER'S REPLY TO RESPONSE IN OPPOSITION TO PETITION</u>*

<u>FOR WRIT OF HABEAS CORPUS</u>

---

\* This is a consolidated action. Civil Case No. 4:14-CV-823 was filed
first (six months before Civil Case No. 4:14-CV-772) in Connecticut District
Court, but was transferred to this Court on motion of the Respondent.
Citations to the Petitions, Respondent's Responses, and Respondent's
Appendices will be differentiated by the last three (3) case numbers in
brackets. I.e., (Pet. [772] at ___); (Pet. [823] at ___); (Resp. [772]
at ___); (Resp. [823] at ___); (Resp. App. [772] at ___); (Resp. App. [823]
at ___).

## Table of Contents

Table of Contents ...................................................... i

Table of Authorities ................................................. ii

Reply to Respondent's Defense of Non-Exhaustion ....................... 1

    Introduction ...................................................... 1

    The Petitioner's Remedies are Unavailable or Exhausted ........... 3

    The Pursuit of an Administrative Remedy is Futile ................ 7

    Conclusion ........................................................ 8

Reply to Respondent's Argument on the Merits .......................... 8

    Introduction ...................................................... 8

    Not a Prohibited Act or Violation of Any Prison Rule ............ 10

    Not a Code 196 Violation (Use of Mail for a Criminal Act) ....... 13

    Lack of 24 Hour Notice of the Charges ........................... 15

    No Evidence of Circumvention of Mail Monitoring ................. 21

Conclusion ........................................................... 23

## Table of Authorities

**Cases**

Abney v. McGinnis,
    380 F.3d 663 (2d Cir. 2004).................................... 3, 4, 5

Aver v. Robbins,
    519 U.S. 452 (1997)........................................... 22

Betancur v. Chandler,
    2012 U.S. Dist. LEXIS 181786 (N.D. Tex., Dec. 3, 2012).......... 18

Chevron, U.S.A., Inc. v. Natural Resources Def., Counc., Inc.,
    467 U.S. 837 (1984)........................................... 3, 8

Conway v. Thaler,
    2009 U.S. Dist. LEXIS 110957 (N.D. Tex., Nov. 30, 2009).. 15, 16, 17

Curry v. Sauers,
    2014 U.S. Dist. LEXIS 134890 (M.D. Pa., Sept. 24, 2014)......... 21

Farms v. Yeutter,
    957 F.2d 1183 (5th Cir. 1992)................................. 7

Fuller v. Rich,
    11 F.3d 61 (5th Cir. 1994).................................... 2, 4

Galati v. Federal Bureau of Prisons,
    2005 U.S. Dist. LEXIS 19567 (D.C.N.J., Aug. 31, 2005).......... 2, 8

Gambino v. Morris,
    134 F.3d 156 (3d Cir. 1998)................................... 2

Gonzalez v. Fox,
    2014 U.S. Dist. LEXIS 36857 (E.D. Tex., Mar. 19, 2014).......... 19

Gonzalez v. O'Connell,
    355 F.3d 1010 (7th Cir. 2004)................................. 7

Greenup v. Lee,
    2014 U.S. Dist. LEXIS 62585 (W.D. La., May 5, 2014)......... 3, 4, 5

Harris v. Bragg,
    2011 U.S. Dist. LEXIS 90425 (W.D. Tex., Aug. 12, 2011)...... 2, 4, 8

Johnson v. Ford,
    261 Fed. App'x 752 (5th Cir. 2008).................................. 2

McCarthy v. Madigan,
    503 U.S. 140 (1992)............................................... 2

Patsy v. Florida Int'l University,
    634 F.2d 900 (5th Cir. 1981)...................................... 7

Preiser v. Rodriguez,
    411 U.S. 475 (1973)............................................... 7

Reeves v. Pettcox,
    19 F.3d 1060 (5th Cir. 1994).............................. 9, 10, 13

Skinner v. Wiley,
    355 F.3d 1293 (11th Cir. 2004).................................... 2

Superintendent, Mass. Correctional Inst. v. Hill,
    472 U.S. 445 (1985)............................................... 10

Thomas Jefferson University v. Shalala,
    512 U.S. 504 (1994)............................................... 22

United States v. Wilcox,
    324 Fed. App'x 805 (11th Cir. 2009)...............................15

United Steel Workers of America v. Bishop,
    598 F.2d 408 (5th Cir. 1979)...................................... 14

Wolff v. McDonnell,
    418 U.S. 539 (1974).......................................... 9, 15

Constitution
Art. I, § 9 .......................................................... 1

Statutes
18 U.S.C. § 4042 ................................................. 8, 9
42 U.S.C. § 1983 .................................................... 3
42 U.S.C. § 1997e ................................................... 1

**Regulations**

28 C.F.R. § 541 ................................................ 9, 10, 12

**Other**

2 Op. OLC 233, Opinion of the Office of Legal Counsel
    (Oct. 10, 1978)............................................... 9

B.O.P. Program Statement, 5270.09 ............................... 9, 12

Random House Dictionary, unabridged,
    2d Ed., (1987) ........................................... 16

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH

| | | |
|---|---|---|
| Lisa A. Biron,<br>    Petitioner | ) | |
| | ) | |
| v. | ) | Case No.: 4:14-CV-772-O |
| | ) | (Consolidated with |
| | ) | 4:14-CV-823-O) |
| Jody Upton, Warden,<br>    Respondent. | ) | |

REPLY TO RESPONSE IN OPPOSITION TO PETITION FOR
WRIT OF HABEAS CORPUS

I.   Reply to Respondent's Defense of Non-Exhaustion

In response to Ms. Biron's Petition for a Writ of Habeas Corpus the Respondent has raised the affirmative defense of non-exhaustion of administrative remedies. For the reasons that follow, this Court should deem Petitioner's remedies exhausted or Respondent should be estopped from asserting this defense.

A. Introduction

"The privilege of the writ of habeas corpus shall not be suspended unless when, in cases of rebellion or invasion, the public safety may require it." U.S. Const. Art. I, §9.

It is well settled that the statutory administrative exhaustion requirement of § 1997e(a) of the Prison Litigation Reform Act ("PLRA") does

1

not apply to habeas petitions. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). And "where Congress has not clearly required exhaustion, sound judicial discretion governs." McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Delineating the bounds of "sound judicial discretion," the Fifth Circuit has held that non-exhaustion may be excused when the § 2241-petitioner can demonstrate that "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (internal citation omitted). Under these extraordinary circumstances, as demonstrated by the petitioner, exhaustion will be excused. Id.

"The exhaustion doctrine promotes a number of desirable goals including filtering out frivolous claims and developing a full and complete record for trial purposes; nevertheless, exhaustion of administrative remedies is not required where exhaustion would not effectuate these goals." Galati v. Federal Bureau of Prisons, 2005 U.S. Dist. LEXIS 19567 (D.C.N.J. Aug. 31, 2005)[1] (citing Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998)). In addition, exhaustion protects an administrative agency's authority and gives the agency the opportunity to correct its own errors. Harris v. Bragg, 2011 U.S. Dist. LEXIS 90425 (W.D. Tx. Aug. 12, 2011)(citing McCarthy, 503 U.S. at 145). When the action, however, involves questions of law, as opposed to matters within an agency's discretionary power and expertise, courts have found no need to exhaust the administrative remedy process. See Harris, 2011 U.S. Dist. LEXIS 90425; Galati, 2005 U.S. Dist.

---

1 Petitioner is not able to provide the pincites to the Lexis cases because the cases do not have the "*" pagination in the FBOP's Lexis database.

LEXIS 19564. Questions of law are within the court's expertise. Chevron, U.S.A., Inc. v. Natural Resources Defense, Council, Inc., 467 U.S. 837, 843 n.9 (1984).

B. The Petitioner's Remedies are Unavailable or Exhausted

"The Fifth Circuit has recognized, as a basis for excuse, circumstances where administrative remedies are inadequate because prison officials have ignored or interfered with a prisoner's pursuit of an administrative remedy." Greenup v. Lee, 2014 U.S. Dist. LEXIS 62585 (W.D. La., May 5, 2014)(excusing inmate's statutorily required exhaustion of remedies in a 42 U.S.C. § 1983 action)(citing Johnson v. Ford, 261 Fed. App'x 752, 755 (5th Cir. 2008)).

Similarly, in cases where an inmate has exhausted or received a favorable outcome from his appeal of an issue, but the Respondent does not correct the issue, the inmate's remedies are deemed exhausted or unavailable. See Abney v. McGinnis, 380 F.3d 663, 669 (2d Cir. 2004)(holding that "[a] prisoner who has not received promised relief is not required to file a new grievance where doing so may result in a never-ending cycle of exhaustion"). In such cases, a respondent (or a defendant) may be deemed to have waived the affirmative defense of non-exhaustion, or be estopped from raising it. See Greenup, 2014 U.S. Dist. LEXIS 62585; Abney, 380 F.3d at 667.

In the instant case, the FBOP has rendered Petitioner's remedies unavailable, first, by ignoring her appeal. As stated in her Petition [823], her appeal of the November 20, 2013 DHO conviction arrived at Central in January 2014 where it was ignored. (Pet. [823] at ¶¶ 27-33.) Thus, it appears that the FBOP has no interest in effectuating the exhaustion

3

doctrine's goals of correcting its own errors or protecting the agency's authority. See Harris, 2011 U.S. Dist. LEXIS 90425. Further, when this same November 2013 appeal was first addressed by the Regional Director, he changed the charged conduct and code conviction, and abandoned the FBOP's initial position that R.B. was an unauthorized contact or the subject of a no-contact order. (Id. at ¶¶ 24-26; Resp. App. [823] at 53.) Only after the FBOP's change of course did Petitioner mail two more letters to R.B. at her[2] Virginia Post Office Box. As a result, Petitioner received two more incident reports (the February 19, 2014 convictions) once again claiming that R.B. was the subject of a no-contact order.[3] (Pet. [823] at ¶¶ 42-47.) Therefore, because her November 2013 conviction was ignored by Central, and, alternatively, because Regional abandoned its stance on R.B. being an unauthorized contact (resolving the issue), Petitioner's administrative remedy was, at this point, rendered "unavailable" and Respondent should be estopped from raising a non-exhaustion defense. See Fuller, 11 F.3d at 62; Abney, 380 F.3d at 667, 669; Greenup, 2014 U.S. Dist. LEXIS 62585.

Nevertheless, Petitioner did attempt to address the February 2014 convictions (incident reports #2543232 and 2545925[4]) administratively.

---

2 Respondent repeatedly remarks that Petitioner sent mail to R.B. at "a" Virginia address. All mail, addressed to R.B., was addressed to her at her Virginia address.
3 In hindsight, Petitioner should have filed suit in Connecticut District Court at this point, but she still believed that the FBOP (as part of the Department of Justice) was just honestly mistaken and would correct its error and find her not guilty at the DHO hearing.
4 Respondent is factually incorrect that incident report no. 2545925 was not appealed until March 25, 2014. (Resp. [823] at 10.) Petitioner appealed both nos. 2543232 and 2545925 together on 2/24/14. (Pet. [823] at ¶¶ 56-57.)

(Pet. [823] at ¶ 56.) Her appeal was rejected in bad faith the first
time when Regional told her to "write [her] appeal in English; see unit
team for help" and stated that the DHO reports had to be included. (App.
at 6.) The appeal was, however, already in English (id. at 8-9), and
the FBOP's administrative remedy program does not require that copies of
the DHO report be sent with the appeal. It is sufficient to identify
the charges and the date of the hearing which Petitioner had done. (Id.
at 6, 8-9.) And although Regional knew from the first appeal submission
that two (2) incident reports were being appealed from the same hearing,
it stated nothing in its Rejection Notice about submitting an extra BP-10
form. (App. at 6.) Instead, it waited until the appeal was resubmitted
with the DHO reports, and Petitioner was transferred to the MDC Brooklyn
SHU, to reject the appeal again because it was submitted with one BP-10
form. (App. at 7.)

   The second Rejection Notice was received by Petitioner (in the
Brooklyn SHU) so late that timely resubmission was impossible. (Pet.
[823] at ¶¶ 60-63; App. at 7.) The MDC Brooklyn staff's refusal to doc-
ument and verify this late delivery (Pet. [823] at ¶¶ 60-72; App. at ¶¶
7-17) made resubmission impossible (Pet. [823] at ¶¶ 70, 72) and was the
death's knell of Petitioner's appeal of the February 2014 convictions.

   These bad faith rejections of Petitioner's appeal and interference
by FBOP staff with Petitioner's administrative remedy process have rend-
ered her remedies unavailable. Thus, un-exhaustion should be excused or
the Respondent estopped from asserting this defense. See Greenup, 2014
U.S. Dist. LEXIS 62585; Abney, 380 F.3d at 667.

   The same argument applies to the July 2014 DHO conviction in Carswell,

Texas. The "exhaustion" or lack of the Central Office's response to the November 2013 conviction appeal, and, alternatively, the abandonment and resolution of the no-contact/unauthorized person claim at the Regional level, should serve to satisfy the exhaustion requirement on this same issue regardless of what federal prison or region the Petitioner is in. The FBOP is a single federal agency and a regional decision at the Northeast Regional Office ("NERO") gets full faith and credit at the South Central Regional Office ("SCRO"). (But see Resp. App. [772] at 68-69.) If this were not so, the FBOP could transfer the Petitioner to a different region and continue its strategy[5] to bar contact between Petitioner and R.B. indefinitely.

In fact, Petitioner's appeal of the July 31, 2014 Carswell, Texas DHO conviction has fared no better than the November 2013 Danbury, Connecticut DHO conviction appeal. As Respondent stated, the July 2014 matter was sent back by SCRO for reconsideration. (Resp. [772] at 4.) This reconsideration hearing allegedly occurred on November 20, 2014. Petitioner was not invited to attend this hearing, but, apparently, the DHO decided to rely on different evidence of different conduct to find Petitioner guilty again.[6]

---

[5] The apparent strategy of the prosecution is to bar contact with R.B. because of the likelihood of a re-trial and the desire to keep Petitioner's unconstitutional conviction.

[6] DHO Valle represented to Petitioner, in the presence of Ms. Leblanc (Petitioner's staff representative), at the July 31, 2014 hearing that if Regional determined that there was not a no-contact order, which it did, the conviction would be expunged. But instead, on reconsideration, DHO Valle determined that different mail--a photocopy of the letter at issue in the first hearing that was mailed to Petitioner's POA at the same time-- was the prohibited conduct. The due process problem with this process is dealt with in the Merits section of this Reply.

Petitioner appealed this new finding to SCRO which upheld the new conviction. The matter is presently before the Central Office on appeal where Petitioner fully expects that it will be ignored like the November 2013 conviction appeal was.[7]  But see Preiser v. Rodriguez, 411 U.S. 475, 494-95 (1973)("[T]here is no reason to assume that . . . prison administrators . . . will not act expeditiously.").

C. The Pursuit of an Administrative Remedy is Futile

Moreover, the Fifth Circuit has also recognized a futility exception. It has held that non-exhaustion may be excused when the Petitioner "demonstrates that it would be futile to comply with the administrative procedures because it is clear that the claim will be rejected." Farms v. Yeutter, 957 F.2d 1183, 1189 (5th Cir. 1992)(quoting Patsy v. Florida Int'l University, 634 F.2d 900, 904 (5th Cir. 1981)).

Similarly, the Seventh Circuit has supported a non-exhaustion exception in § 2241 actions where "appealing through the administrative remedy process would be futile because the agency is biased or has predetermined the issue." Gonzalez v. O'Connell, 355 F.3d 1010, 1016 (7th Cir. 2004). Administrative remedies are futile in the present case: the matter is predetermined.

In each of Petitioner's disciplinary hearings, the FBOP has relied upon the U.S. Attorney's legal opinion (see AUSA Feith email, App. at 35) to support its findings. The U.S. Attorney is the legal counsel to the FBOP. When the U.S. Attorney's opinion is relied upon for a DHO conviction, it is entirely chimerical to believe that the FBOP's in-house coun-

---

[7] Central's response is due on or before March 23, 2015.  (App. at 36-37.)

7

sel, who reviews administrative appeals at Regional or Central, will
contradict him. The matter is clearly predetermined as it is evident
that the FBOP has no intention of opposing the U.S. Attorney's wishes
and wrong-as-a-matter-of-law opinion. In other words, an administrative
remedy in such a case is the definition of futility. (But see Resp. App.
[772] at 68-69.)

Lastly, it is apparent, that the FBOP and all its legal advisors
are inept in determining what constitutes a no-contact order. This is
a question of law beyond the FBOP's discretionary power and expertise,
and, therefore, this Court should not require the exhaustion of the admin-
istrative remedy process. See Harris, 2011 U.S. Dist. LEXIS 90425; Galati,
2005 U.S. Dist. LEXIS 19564; see also Chevron, 467 U.S. at 843 n.9.

D. Conclusion

For the abovementioned reasons, the Petitioner urges this honorable
Court deem her administrative remedies either exhausted or excused, or
estop the Respondent from asserting this defense, and, in the spirit of
the Great Writ, reach the merits of her Petition.

II. Reply to Respondent's Argument on the Merits

A. Introduction

The Federal Bureau of Prisons has taken away 108 days of Good Con-
duct Time ("GCT") from the Petitioner, and Petitioner has spent almost
four (4) months in the Special Housing Unit ("SHU"), despite the fact
that she has not violated any prison rules. Nevertheless, the Respondent
argues that the Petitioner has received all of the due process that is
required.

"The Bureau's inmate discipline program is authorized by Title 18

8

U.S.C. § 4042(a)(3)" and "allow[s] Bureau staff to impose sanctions on inmates who commit prohibited acts." 28 C.F.R. § 541.1 (emphasis added). "The charges at a disciplinary hearing are definite and narrow. The inmate is accused in writing of violating a prison rule." 2 Op. OLC 233 (Oct. 10, 1978)(Opinion of the Office of Legal Counsel - B.O.P.)(emphasis added). "[FBOP] [s]taff take disciplinary action . . . to regulate an inmate's behavior within Bureau rules and institution guidelines and to promote a safe and orderly institution environment." BOP Program Statement 5270.09, Inmate Discipline Program(3)(b)(Principles)(emphasis added).

> The Fifth Circuit has expressly held that it is a violation of due process to punish inmates for acts which they could not have known were prohibited. An inmate is entitled to prior notice, or fair warning, of proscribed conduct before a severe sanction may be imposed. Because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he may act accordingly.

Reeves v. Pettcox, 19 F.3d 1060, 1061 (5th Cir. 1994)(internal citations ommitted).

In addition to fair and prior notice of what acts are prohibited by prison rules, the inmate-discipline defendant is also afforded some due process protections in the inmate disciplinary proceedings.

> Constitutionally adequate process requires compliance with the minimum due process protections accorded to an inmate in prison disciplinary proceedings: (1) advance, written notice of the charges against [her]; (2) a written statement of the facts and evidence relied on and the reason for any disciplinary action taken; (3) opportunity to call witnesses and present documentary evidence; and (4) an impartial hearing board.

Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Further, there must

9

be a finding of "some evidence" in the record to support the Disciplinary Hearing Officer's ("DHO") decision in order to satisfy the requirements of due process. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985); see also 28 C.F.R. § 541.8(f)(requiring that the DHO's decision be "based upon at least some facts and, if there is conflicting evidence, on the greater weight of the evidence").

Since it began to target the Petitioner in October 2013, the FBOP has alternated between finding her guilty of two different prohibited acts: (1) the Code 196 Prohibited Act -- use of the prison mail for an illegal purpose (or to further a criminal activity), and (2) the Code 296 Prohibited Act -- use of the prison mail for abuses other than criminal activity which circumvent mail monitoring procedures (sending correspondence to an unauthorized person through unauthorized means). These disciplinary convictions have come as a result of Petitioner sending mail to correspond with her daughter, R.B.

B. Not a Prohibited Act or Violation of Any Prison Rule

But corresponding with R.B. is not a violation of any prison rule, and to sanction Petitioner as it has done violates her right to due process. See Reeves, 19 F.3d at 1061. In fact, it cannot be disputed that at all times relevant to these challenged DHO actions, R.B. was an FBOP approved and authorized contact.[8]

---

8 The FBOP uses the Trulincs computer system to maintain a list of the inmate's contacts. Once a contact's information is entered, it is noted on the system as "pending" approval. The contact is then either "approved" or "blocked". The inmate prints labels off of this system in order to mail correspondence. The label contains the contact's address and the inmate's ID number. No mail is allowed to leave the institution without a Trulincs label. The system will not print a label for a contact who is blocked by the FBOP.

10

The Petitioner added R.B.'s address to the Trulincs system only two (2) days after her arrival at the FBOP in Danbury, CT, FCI in June 2013. The first address for R.B. was entered and approved on June 7, 2013 and was R.B.'s address while in foster care in New Hampshire. (See App. at 33.) On July 4, 2013, after R.B. was sent to live with her dad in Virginia, her address was updated to her dad's Post Office Box in Williamsburg, VA. (Id.) And in May 2014, after R.B. and her dad moved to a new home, the Petitioner once again (this time from FMC Carswell) updated R.B.'s address to her new home address in Williamsburg, VA. Each time R.B.'s address was entered, it was approved by the FBOP.[9] In fact, Petitioner had been sending mail to R.B. from June 2013 through October 2013 without incident.[10] At times Petitioner sent R.B. mail at her current address and at other times she would ask her Power of Attorney ("POA")[11] to send R.B. an email message because Petitioner suspected R.B.'s U.S. Mail was being tampered with.

---

9 Indeed, there is no authority that would allow the FBOP to block R.B. as an approved contact as there is no restriction on contact in Petitioner's sentence. Nevertheless, several weeks after the July 3, 2014 incident report in Carswell, the FBOP "blocked" R.B. as a contact in its Trulincs system. It has also wrongfully blocked Petitioner's ex-husband and his girlfriend as contacts. Each of these "blocks" are FBOP-imposed constructive no-contact orders because mail cannot leave the prison without a Trulincs label.

10 Respondent incorrectly asserts that Petitioner's July 3, 2014 incident report in FMC Carswell came "a month" after she filed a notice of appeal in her criminal case. (Resp. [772] at 2.) Actually, the July 3, 2014 incident report was issued thirteen (13) months (more than a year) after her May 28, 2013 notice of appeal was filed.

11 The Respondent makes the disparaging and baseless accusation that "[the Petitioner] often refers to her father[, Michael Bonczar,] as her 'Power of Attorney' in an effort to render her mail 'legal mail' to avoid monitoring." (See Resp. [823] at 3 n.1.) Actually, the Petitioner refers to Michael Bonczar as her POA because he is her POA. The nine (9) page POA document (executed on March 5, 2013) is duly recorded at the Hillsborough County (N.H.) Registry of Deeds, Book 8719; Page 2101. See www.NHdeeds.com.

11

The November 20, 2013 DHO conviction involved an October 20, 2013
letter mailed to Petitioner's POA wherein she requested he email R.B.
(Pet. [823] at ¶ 15.)   The February 19, 2014 conviction involved two (2)
separate mailings, one on January 29, 2014, and the second on February
3, 2014 (id. at ¶¶ 42-46); both letters were mailed directly to R.B. at
her Williamsburg, VA Post Office Box.   (Resp. App. [823] at 54, 60.)
The July 31, 2014 conviction involved a June 30, 2014 letter mailed dir-
ectly to R.B. at the new home address in Williamsburg, VA.[12]   (Resp. App.
[772] at 29.)

In sum, corresponding with R.B. was at all relevant times author-
ized by the FBOP, and did not violate prison rules.   Therefore, the Pet-
itioner had no prior notice or fair warning that she would be sanctioned
for writing R.B.   Nevertheless, the Respondent insists it may sanction
the Petitioner through the Bureau's inmate discipline program because
Petitioner "specifically attempted to circumvent the state [family] court
[civil review hearing] order and the mail monitoring procedures of the
[State of N.H.] DCYF."   (Resp. [823] at 17.)   A state court's civil pro-
vision, however, is <u>not</u> a prison rule, and a Code 297 circumvention of
mail monitoring violation applies to the <u>prison's</u> mail monitoring proced-
ures and not those of a state's social services agency.

As stated, the FBOP has the authority under 28 C.F.R. § 541 and BOP
Program Statement 5270.09 to enforce its own Bureau rules and institution
guidelines.   It may not, however, attempt to enforce a N.H. civil court's
decisions, or the mail monitoring procedures of the N.H. DCYF via its

---

12 At the same time Petitioner mailed R.B.'s June 30th letter she also
mailed a photocopy of R.B.'s letter to her POA.   When the DHO conviction
was sent back by Regional for DHO reconsideration, it was this photocopied
letter mailed to the POA that became the prohibited conduct instead of the
letter addressed to R.B.   The merits of this due process violation are
discussed <u>infra</u>.

inmate discipline program.[13]

Likewise, the federal magistrate's pre-trial detention hearing order
(Resp. App. [772] at 17; Resp. App. [823] at 21) and the federal district
court's generic and inoperative condition of supervised release (Resp.
App. [772] at 9; Resp. App. [823] at 29) are not prison rules (Prohibit-
ed Acts) or institution guidelines.  And assuming, arguendo, that these
provisions are valid and active, they are not enforceable by the Bureau's
inmate discipline program as prohibited acts.  Therefore, the Respondent
has violated Petitioner's substantive due process rights by sanctioning
her for breaking a rule that she had no notice of.  See Reeves, 19 F.3d
at 1061.

C. Not a Code 196 Violation (Use of Mail for a Criminal Act)

If, indeed, there were a criminal no-contact order in place, then
Petitioner's mailing, or attempting to mail, R.B. would, admittedly, vio-
late a prison rule: the Prohibited Act Code 196 "Use of the mail for an
illegal purpose (or to further criminal activity)."  But there is not, and
has never been, a criminal no-contact order barring contact with R.B.
which is, presumably, why the FBOP keeps overturning the Code 196 convict-
ions on appeal.

Specifically, the State of N.H. family court's review hearing discre-
tionary contact provision[14] is not a criminal no-contact order, nor are

---

13 The Respondent's actions against the Petitioner also violate the Tenth
Amendment to the U.S. Constitution by encroaching on state sovereignty.
One has to wonder if the Respondent also believes it can constitutionally
take an inmate's GCT days for violating a divorce decree or for failing to
pay child support.
14 Notably, in all of the DCYF reports provided to the court at each review
hearing, it was reported that Petitioner was continually in contact with R.B.
Hence, DCYF knew about and allowed the contact.  Otherwise, DCYF's legal
counsel was quite capable of filing a motion for civil contempt.

all the mistaken references to no-contact orders in the state civil court's Review Hearing Orders. Similarly, a DCYF social worker's letter[15] to Petitioner reminding her of a no-contact order that does not exist, does not a no-contact order make.

Likewise, a federal magistrate judge's pre-trial detention order, which contained a no-contact provision, that was beyond her power to issue,[16] is not a criminal no-contact order. Assuming, _arguendo_, that her order was enforceable when made, all pre-trial conditions are cut off by the sentence. This is such an obvious statement of law that it is literally beyond comprehension that an Assistant U.S. Attorney would issue an opinion to the contrary.[17] It is similarly troubling that Respondent

---

15 See Petitioner's response to DCYF requesting it stop referring to non-existent no-contact orders. (App. at 2.)

16 In pre-trial matters a magistrate's powers are limited by Title 28 U.S.C. § 636 and 18 U.S.C. § 3142. She is allowed to bar a defendant's contact with another person as a condition of that defendant's release pending trial. In this case, the Petitioner was detained. The magistrate's order barring contact with R.B. was an injunction that she was without power to make. See 28 U.S.C. § 636(b)(1); United Steel Workers of America v. Bishop, 598 F.2d 408, 411 (5th Cir. 1979). Nevertheless, once the "order" was issued on January 3, 2013 the Petitioner did not contact R.B. until after her sentencing on May 23, 2013. And when Petitioner was in contact with her, before the January 3, 2013 "order", she did not commit witness tampering as was alleged in the Petitioner's PSR.

17 This email opinion by First Assistant U.S. Attorney Donald Feith was used as evidence against the Petitioner at all three (3) DHO hearings. Petitioner made several requests for a copy of this email and her requests were denied. In fact, when Petitioner examined her inmate central file, the email was not with the DHO reports where it had been. And although the DHO told her at the Carswell DHO hearing that she could have a copy of this email once it was in her file, the Petitioner had to make a Privacy Act request in order to get a copy of it. (App. at 35.) The unit manager at the time, Ms. Williams, represented to the Petitioner that the A.U.S.A. did not want her to give Petitioner the email.

14

seems to defend that opinion here.

Finally, a condition of supervised release is not a no-contact order that could form the basis of a Code 196 violation. It is well settled that special conditions of supervised release do not become effective until after an inmate is released from prison. See United States v. Wilcox, 324 Fed. App'x 805 (11th Cir. 2009). The condition in Petitioner's terms of supervised release is not in effect while she is confined, and will never be in effect because it only applies if R.B. is a minor and R.B. will be 18 years old next year.

Therefore, the Petitioner could not have committed a Code 196 because contact with R.B. is not illegal and is not criminal conduct.

D. Lack of 24 Hour Prior Notice of the Charges

Contrary to Respondent's assertions, the Petitioner's procedural due process right to advanced notice of the charges was indeed violated. See Wolff, 418 U.S. at 563-67.

While the Respondent is correct that an inmate's due process right to 24 hour advanced notice is satisfied when the inmate is convicted of a lesser included offense based on the same facts in the charging document, see Conway v. Thaler, 2009 U.S. Dist. LEXIS 110957 (N.D. Tex., Nov. 30, 2009), that is not what has happened here.

In Conway, this Court noted "that where [the] charging instrument contains the elements of both an offense and a lesser offense, the charging instrument gives notice to the defendant that he may be convicted of either charge." Id. To determine if an offense is a "lesser included offense," the federal courts use an "elements test." Id. An offense is a lesser included offense when it is "not possible . . . to commit the

15

[greater severity offense] without, at the same time and by the same con-
duct, committing the less[er] [severity] offense . . . ." Id.

The disciplinary-defendant in Conway was originally charged with the
offense of "extortion" and the DHO found him guilty of "trafficking and
trading" without additional notice. This Court looked at the prison's
definition of each offense to determine that "trafficking and trading"
was a lesser included offense of "extortion" "because the elements of
each offense, except for the degree of scienter, [were] the same." Id.

In the present case, Respondent summarily concludes, without any
application of the elements test, that "[a] Code 296 violation is a les-
ser severity similar prohibited act of a Code 196." (Resp. [823] at 13.)
Respondent is incorrect. While perhaps there is some similarity between
the two, because both involve the mail, the Code 296 is not a lesser inc-
luded offense of the Code 196.

A Code 196 violation requires using the prison mail system to commit
(or attempt to commit) an illegal (criminal) act. In the instant case,
the crime would be violating a criminal no-contact order, the elements
being: (1) a valid, active criminal no-contact or restraining order, and
(2) petitioner sending mail to cause contact with the subject of the no-
contact order.

A Code 296 violation, however, requires use of prison mail for abuses
(other than criminal activity) that circumvent[18] prison mail monitoring
procedures, the elements being: (1) an intended mail recipient that is
unauthorized by the prison to receive mail from the inmate, and (2) mail
sent through an unauthorized means as to get around the prison staff's

---

18 Circumvent: vt 1. to go around or bypass, 2. to avoid by artfulness or
deception. Random House Dictionary, unabridged, 2d Ed., (1987).

16

detection of it.

The commission of a Code 196 violation is certainly possible without at the same time and by the same conduct committing a Code 296 violation. See Conway, 2009 U.S. Dist. LEXIS 110957. For instance, the Code 196 may be committed by sending a letter properly addressed to an FBOP-approved contact with an FBOP Trulincs label properly placed in the inmate mail system. If there is a valid criminal no-contact order, the inmate has committed a Code 196. But this same act is not a Code 296 violation because the intended recipient is an FBOP-approved contact and the mail was not sent through an unauthorized means to avoid prison staff's detection (circumvention).

Thus, Code 296 is not a lesser included offense of Code 196 and the Petitioner's due process right was violated each time the charge was changed from a Code 196 to a Code 296 without any prior notice or an opportunity to defend against it. (See Pet. [823] at ¶¶ 24-26, 35-40 & 40 n.4, 42-81.)

    i. The November 2013 DHO Conviction

In addition, the Respondent claims that "[Petitioner] does not explain how her defense would have been different had she been given 24 hours' notice of the . . . charge." (Resp. [823] at 13 n.4.) This is not true. Petitioner does give a detailed proffer of what her defense would have been on page 6, footnote 4 of her Petition [823]; the same proffer she gave in her ignored appeal to Central. (App. at 1.)

Further, to support the claim that the Regional Director may change the charged Prohibited Act to a new Prohibited Act at the regional-appellate level, instead of remanding to the DHO, the Respondent relies on

17

a portion of the BOP Program Statement that contains a typographical err-
or. Respondent quotes, in relevant part, "On appeals, the reviewing
authority considers: . . . whether an appropriate sanction was imposed
or [sic] the severity level of the prohibited act . . . ." (Resp. [823]
at 12, 12 n.3)(error in original)(emphasis added.) This quote should
read, "Whether an appropriate sanction was imposed for [(not "or")] the
severity level of the prohibited act . . . ." See Betancur v. Chandler,
2012 U.S. Dist. LEXIS 181786 (N.D. Tex., Dec. 3, 2012)("On appeal, the
appropriate reviewing authority shall consider . . . whether an appropri-
ate sanction was imposed according to the severity level of the prohibit-
ed act . . . .")(emphasis added).

Thus, the BOP Program Statement does not authorize the Regional
Director to change the prohibited act. The Petitioner maintains that it
is only the DHO, as the fact-finder, who may change the prohibited act--
especially when the new prohibited act is not a lesser included offense
of the original prohibited act.

ii. The February 2014 DHO Convictions

Similarly, the Petitioner was deprived of prior notice of the charges
against her in the February 19, 2014 hearing that occurred before the
biased DHO Shamro. (Pet. [823] at §§ 42-81.)

While this time it was the DHO and not the Regional Director who
changed the finding of the prohibited act, Petitioner's right to due pro-
cess was still violated because a Code 296 is not a lesser included offense
of a Code 196. And this change was made out of the Petitioner's presence,
after the hearing was over (Pet. [823] at ¶54), and after the DHO confid-
ently asserted, "This was not circumvention." (Id. at ¶ 51.)

18

Accordingly, the Petitioner did not attempt to defend herself against the after-the-hearing circumvention of mail monitoring charges, but focused only on trying to explain that there was not a criminal no-contact order to support a Code 196 illegal mail conviction.  (Id. at ¶ 78.)

Further, despite Respondent's claim to the contrary, DHO Shamro was indeed biased as the email exchange, submitted with the Petitioner's Objection to Biased DHO, shows.  (App. at 3-5.)  DHO Shamro was "predisposed to find the petitioner guilty" as he had already formed the opinion on the central issue of the hearing, that there was a no-contact order.  See Gonzalez v. Fox, 2014 U.S. Dist. LEXIS 36857 (E.D. Tex., Mar. 19, 2014).

iii.  The July 2014 DHO Conviction

The latest July 31, 2014 conviction appeal has met with a similar fate.  Petitioner was convicted of a Code 296 violation, "use of the mail in violation of policy - sending mail to an unauthorized person."  (Resp. App. [772] at 27 (emphasis added).)

At the July hearing, DHO Valle found that the letter mailed to R.B. (addressed to R.B. at her home address) was sent to an unauthorized person because of the U.S. Attorney's legal opinion on the magistrate's pretrial order.  This, despite the fact that the Petitioner spent the entire hearing explaining to DHO Valle that there is no possible way, as a matter of law, that a magistrate's pre-trial order, which had no legal effect when issued, was still in effect after sentencing.  (See supra n.16.)  Petitioner explained to DHO Valle the ethical concerns of such an opinion.

After finding her guilty of the Code 296 violation, DHO Valle represented to the Petitioner that if, on appeal, it was determined this "order" is not a no-contact order, the conviction would be expunged.

19

Petitioner appealed to Regional which sent the matter back for re-consideration. (App. at 18-22.) On reconsideration, at an unannounced "hearing" that the Petitioner was not invited to attend and did not waive her right to attend, this same DHO determined that a wholly different piece of mail, mail mailed to a completely different person, was actually the evidence of wrong-doing to sustain a Code 296 conviction. (Id. at 23-26.) This different evidence was a second piece of mail that was mailed simultaneously with R.B.'s mail. (Resp. App. [772] at 33-36.) It contained an exact photocopy of R.B.'s letter. This photocopy was mailed to Petitioner's POA. There were no instructions for forwarding the letter. It was simply a file copy sent home.

On appeal again to Regional (App. at 27-28) this conviction was up-held. Remarkably, Regional contends this was proper constitutional pro-cedure, even though completely different evidence[19] was relied upon to to support the new finding, and that circumvention of mail monitoring does not have to actually circumvent (or be intended to circumvent) mail monitoring or be intended for delivery to an unauthorized person. (App. at 29.) But if this is the correct interpretation of a Code 296 Prohib-ited Act, then file copies of letters mailed home to an inmate's author-ized contact, addressed properly and mailed envelope-opened, could cost that inmate 27 GCT days as in the present case. Oddly, Regional stated in its response (id.) that the Petitioner offered no evidence of the orig-inal mailing to R.B.[20]

_____

19 Compare the 7/31/14 DHO report (App. at 18-20) with the 11/20/14 DHO report (reconsideration)(App. at 23-26) to see that the presentation of evidence (section III) relied upon is completely different.
20 On appeal to the Central Office, Petitioner referred counsel to the original 7/31/14 DHO report that relied on the letter addressed to R.B. as evidence of mail sent to an unauthorized person.

20

Petitioner appealed this decision to Central. (App. at 31-32.) It was mailed on January 15, 2015 and Petitioner just received a receipt from Central on February 26, 2015. (App. at 36.) Included with this receipt was an "Extension of Time for Response" which stated its deadline for response as March 23, 2015.

In short, holding a "star chamber" hearing without the Petitioner present, and basing a new conviction on new evidence with no notice or opportunity to defend is clearly a violation of the Petitioner's right to due process. And further, mailing a photocopy through authorized means to an authorized contact is not a Code 296 Prohibited Act. See Curry v. Sauers, 2014 U.S. Dist. LEXIS 134890 (M.D. Pa., Sept. 24, 2014)(a refreshing, intellectually honest Opinion by U.S. District Court Judge Yvette Kane overturning an inmate's circumvention of mail monitoring conviction for lack of evidence and restoring the inmate's good time).

E. No Evidence of Circumvention of Mail Monitoring

    i. The November 2013 DHO Conviction

Likewise, the evidence does not support a finding that Petitioner committed a Code 296 violation for the letter that was the subject of the November 20, 2013 DHO hearing. Even if, arguendo, Regional's act of changing the Prohibited Act from a Code 196 to a Code 296 did not violate Petitioner's due process right to prior notice of the charge, there was still no evidence to support a finding of circumvention of mail monitoring.

First, R.B. is not an unauthorized person. As stated, R.B. was at all relevant times an FBOP-approved contact. And second, the Petitioner did not send the mail through an unauthorized means to avoid detection:

21

the envelope was properly addressed with a Trulincs label to Petitioner's POA with the correct return address, and was mailed in accordance with the institution's policy by placing it in the outgoing mailbox. The letter asked the POA to send an email to R.B.[21]

Asking her POA, in a letter mailed through proper channels, to tell R.B. a message (via email or otherwise) is not a Code 296 violation. If this mailing were a prohibited act, then any letter mailed by an inmate wherein he writes the recipient and asks that recipient to, for example, email grandma (who is not an unauthorized contact) and tell her, "I miss her and I love her," could cost that inmate his GCT days. This strained application of Code 296 lends itself to arbitrary enforcement[22] and the punishment of innocent conduct. And while substantial deference is given to an agency's interpretation of its own regulations, Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512 (1994), a plainly erroneous or arbitrary interpretation will not be upheld. See Aver v. Robbins, 519 U.S. 452, 461 (1997).

ii.  The February 2014 DHO Convictions

Finally, there is no evidence to support a finding that Petitioner committed a Code 296 circumvention of mail monitoring violation for the mailing of the two (2) letters that were the subject of the February 19, 2014 DHO hearing.

The evidence showed that the January 29, 2014 mailing was properly

---

21 Respondent has conceded in its Response [823] that Petitioner was not attempting to hide R.B.'s identity by writing in code. This concession alone requires Regional's appellate finding that Petitioner wrote in code to conceal R.B.'s identity to be expunged.

22 Petitioner recently had a discussion with SIS Officer Kingsley at Carswell regarding the Code 296 Prohibited Act. This officer had no idea what constituted mail monitoring circumvention and given a hypothetical situation could not determine if it was a Code 296 violation or not.

addressed to R.B. (an FBOP-authorized contact) at her Williamsburg, Virginia Post Office Box (App. at 33) and mailed according to institution policy, and the February 3, 2014 mailing was properly addressed to R.B. at her Williamsburg, Virginia Post Office Box (id.) and mailed according to institution policy. And the February 3rd mailing was announced to the prison staff ahead of time and the envelope had a yellow Post-it® note attached to alert SIS of the mailing.[23]

Yet the Respondent represents to this Court that "the evidence clearly supports a finding that [Petitioner] attempted to use the mail to direct others to send mail through an unauthorized means and to send correspondence to a specific address[24] with directions or intent to have the correspondence sent to an unauthorized person, both violations of Code 296." (Resp. [823] at 15.) This statement is completely false -- shockingly so. Indeed, the DHO found no evidence of this.

F.  Conclusion

In sum, the Petitioner did not do anything wrong by attempting to correspond with R.B. Her due process rights were repeatedly violated during the FBOP disciplinary process and she was convicted based on no evidence. The Petitioner prays this Honorable Court will impart some integrity into a system that has none by expunging her DHO convictions, restoring her good conduct time, and ENJOINING the Respondent from interfering with Petitioner's communications to R.B. in the future.

---

[23] The alert to staff and the Post-it® note were to ensure the FBOP staff's actual notice and knowledge of these constitutional violations for the Bivens claim that the Petitioner is being forced into filing.
[24] As state supra, the Respondent repeatedly and disingenuously refers to Petitioner sending mail to R.B. at "a" Virginia address when Petitioner was sending mail to R.B. at R.B.'s Virginia address.

I, Lisa A. Biron, do hereby declare, under penalty of perjury, that
the foregoing information in this Reply is true and correct, and that
this original and one (1) copy of said Reply were on this date mailed
to this Court by depositing same in the inmate legal mail system.

Respectfully submitted by

3/5/15
Date

Lisa A. Biron
# 12775-049
FMC Carswell
P.O. Box 27137
Ft. Worth, Tex. 76127

## Certification

I hereby certify that on this date a copy of this Reply was mailed
Firstclass U.S. Mail, postage paid, to Angie Henson, Esq. by depositing
said document in the inmate legal mail system.

3/5/15
Date

Lisa Biron

24

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH

Lisa A. Biron,                    )
      Petitioner                  )
                                  )
                                  )
v.                                )        Case No.: 4:14-CV-772-O
                                  )           (Consolidated with
                                  )               4:14-CV-823-O)
                                  )
Jody Upton, Warden,               )
      Respondent.                 )
                                  )
                                  )
                                  )

APPENDIX IN SUPPORT OF PETITIONER'S REPLY

Remedy Id Case 4:14-cv-007210 Document 14 Filed 02/06/15 Page 31 of 86 PageID 214.
Incident Report No.: 2511967                          Reg.# 12775-049
BP 11, Addendum              to Central - no response

Ms. Biron was charged with, and found guilty, at the DHO hearing, of a Code 196 - for violating a no-contact order that does not exist. Regional's untimely response arrived on January 21, 2014, conceding (not directly, of course) that there was not a no-contact order in place for Ms. Biron to violate. But instead of attempting to mitigate its blatant act of retaliation[2] by expunging Ms. Biron's Incident Report and restoring all of her Good Time Credits and privileges, the BOP continues in its retaliatory actions against her, and has now violated her Fifth Amendment right to due process of law.

Specifically, the Regional Director has confused his appellate review function with that of the DHO's fact-finding function by changing the Code 196 charge against Ms. Biron to a Code 296 violation and has found facts in support of the new charge.

The Due Process Clause of the Fifth Amendment requires that certain minimum due process protections are accorded to an inmate in a prison disciplinary proceeding. First, advance "written notice of the charges must be given to the disciplinary-action defendant in order to inform [her] of the charges and to enable [her] to marshal the facts and prepare a defense." Wolff v. McDonnell, 418 U.S. 539, 564 (1974). "Part of the function of notice is . . . to clarify what the charges are, in fact." Id. There must also "be a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action." Id. (internal citation omitted).

Clearly, Ms. Biron was not given advanced notice of the charge against her. She was convicted of violating a Code 296 based on facts found by Regional at the appellate level, but she was charged with and notified of an alleged violation of a no-contact order (Code 196). The entire focus of the DHO hearing, including Ms. Biron's documentary evidence and testimony--her entire defense--was directed at attempting to prove a negative, that there was not a no-contact order barring contact with her daughter.

As a result of this due process violation, Ms. Biron was severely prejudiced by being unable to defend herself against a charge of violating a Code 296. Had Ms. Biron been advised of the charge against her as required by the constitution, she would have prepared her defense accordingly. To Regional's new charge which alleges she "wrote a letter to a third party attempting to communicate with [her daughter]" and that she "attempted to hide the identity [R     .] by writing in code and referring to her as 'cousin Erin'," Ms. Biron proffers the following: Ms. Biron has a First Amendment right to free speech and association, which includes the right to send and receive mail. Thornburgh v. Abbott, 490 U.S. 401 (1989). Ms. Biron requested her Power of Attorney e-mail her daughter who is on her BOP approved contact list, who she can legally contact, and whom she can refer to by any name she wants to. As explained in footnote 1, of the BP 10, the FCI mailroom staff had been illegally confiscating mail with R    's name in it. Ms. Biron referred to     as "cousin Erin" as a private joke between her and her POA. This private joke was inspired by the extreme ignorance of the Danbury FCI staff confiscating her mail. The fact that Ms. Biron was not attempting to hide her daughter's identity is obvious to any person of ordinary intelligence as Ms. Biron referred to two of R    's schools by name; called the family dog by name; asked about her dad; and signed the message "Love, Mommy".

Regardless, Ms. Biron's rights were violated by being convicted of a charge that she had no notice of, no hearing on, and no chance to defend. Wherefore, Ms. Biron requests her record be expunged and her Good Time and privileges restored.

When Ms. Biron did not receive Regional's response by the deadline of January 4, 2014, she treated the lack of response as a denial and spent her appeal to Central. See CFR § 542.18. Ms. Biron hereby incorporates her entire argument from the BP 10 and BP 11 (previously filed) by reference. See BP 10, footnote 2.

December 5, 2013

Dear Melissa,

I received a copy of your letter to me dated 11-14-2013 from my attorney. As usual, I did not receive the letter directly from you.

In your letter you again misrepresented that there is a no contact order. Please be informed that there is **not** a no-contact order in place between R_____ and me. Between 1-3-13 and 5-23-13 there was a pre-trial no-contact in place, during which time I did not contact R_____. This order ended at sentencing (5-23-13). And as you know there is no ordering protection out of the Manchester family division 9W.

You and your agency have been misrepresenting that a federal no-contact order is in place **repeatedly**, in your letters and in court filings.

I formally request that you cease making these false allegations that I am violating a no-contact order that does not exist. This could be considered slander or libel. Thank you for correcting your erroneous information and forward R_____'s letters to her.

Sincerely,

D. Rien

To: DHO

From: Biron, Lisa A.  (ID# 12775-049)

Re: Use of the mail for an illegal purpose Code 196

Date of Incident: 01/29/14


## OBJECTION TO PERFORMANCE OF HEARING BY BIASED DHO SHAMRO

NOW COMES Ms. Biron formally objecting to Mr. Shamro acting as Disciplinary Hearing Officer over this hearing, and in support of this Objection states the following:

1. Ms. Biron and Mr. Shamro have engaged in several interactions regarding the existence or non-existence of a no-contact order that is the subject of this hearing.  (See e-mails dated 9/25/13 & 9/26/13).

2. In one of the e-mails Mr. Shamro refers to "[my] issue with the no-contact order."

3. These e-mails are evidence of Mr. Shamro's ongoing involvement in the BOP's position that there is a no-contact order.

4. One of the constitutional protections afforded to Ms. Biron in the context of a prison disciplinary proceding is the right to an unbiased DHO.  See Wolff v. McDonnell, 418 U.S. 539, 564 (1974).

5. Mr. Shamro clearly does not meet the standard of an unbiased DHO because of his prior involvement with the issue.

WHEREFORE Ms. Biron respectfully notes her objection for the record.

TRULINCS 12775049 - BIRON, LISA - Unit: DAN-D-A

---------------------------------------------------------------------------------------------------

FROM: West Unit
TO: 12775049
SUBJECT: RE:***Inmate to Staff Message***
DATE: 09/25/2013 01:22:03 PM

First, when you need an attorney call, you can request it at that time. We do not approve attorney calls for an arbitrary date in the future. When you submit your request, be sure to include which attorney and the contact number to reach him/her with each request.

Second, your issue with the No-contact order is with the Court, not the BOP. This a legal matter that needs to be worked out with you, your attorneys and the Court. Based on your own statements, you understand this and have requested legal calls to address this issue.

Additionally, the Court Order for the September 6, 2013 hearing, provided to us by your attorney, was for him to participate in a hearing regarding your daughter. He was fully aware you were not named in that order and as such, stated in a letter to us that if you could not participate in the call, he would brief you after the hearing. We satisfied his request by giving you an attorney call following the hearing, at 11:45 a.m., on September 6, 2013.

I hope this addresses all of your concerns.

>>> ~^"BIRON, ~^ILISA" <12775049@inmatemessage.com> 9/24/2013 8:56 PM >>>
To: Mr. Shamro
Inmate Work Assignment: Educ. Aide

Dear Mr. Shamro,
I am requesting your approval to call my attorneys in the near future, please. (Richard Klibaner, Jim Moir and Gary Paradis). They have rescheduled my court hearing from the beginning of the month because this place wouldn't let me participate. I do hope that the BOP has cleared up the fact that there is NO no-contact order between me and my daughter. As you know, it is impossible to ask a judge to remove a no-contact order that does not exist. That is, of course, one of the things I need to discuss with my lawyers, as well as my appeal.

Please also consider this my attempt at informal resolution of the BOP's violation of my constitutional rights in not allowing me to participate in that court hearing on Sept. 6, 2013 (in case it happens again, I can begin formal proceedings by filling out the 8 1/2).

I am still waiting for the decision for the appeal to Regional on my phone shot. Regional's decision was due on 8/31/13. My friend Liz Davis, whose husband I called, received her response a week ago expunging the shot. Do I have to start a new proceeding complaining about not receiving the decision in a timely manner? Any suggestions are welcome.

Thank you for your time and consideration in this matter.

Lisa Biron

App. 04

TRULINCS 12775049 - BIRON, LISA - Unit: DAN-D-A

----------------------------------------------------------------------------------------

FROM: West Unit
TO: 12775049
SUBJECT: RE:***Inmate to Staff Message***
DATE: 09/26/2013 03:02:02 PM

We will make every attempt to allow you to participate in any hearing ordered by the Court. However, as I stated, you were not ordered to participate in the hearing held on September 6, 2013. As such, we would not approve an inmate to listen in on a hearing that he/she is not ordered to participate in. That is the reason you were not approved, it had nothing to do with a No-contact order.

As for the status of your administrative remedy, a late or non-response at any level is considered a denial and you can request appeal at the next level.

>>> ~^I"BIRON, ~^ILISA" <12775049@inmatemessage.com> 9/25/2013 7:08 PM >>>
To: Mr. Shamro
Inmate Work Assignment: Educ. Aide.

Dear Mr. Shamro,
I will email with the attorney numbers tomorrow, the numbers are at my unit. To be clear, my issue is not with the court but with the BOP's misunderstanding that there is a no-contact order. It is not a court issue because there is no no-contact order. My attorney ran around like crazy before the Sept. 6 hearing, up to the federal district court and everything, to try to prove to the BOP that there was no no-contact order. Apparently the PSI, which is prepared at least a month before sentencing, states there was a no-contact provision. This is true but it was a pre-trial condition that was put in force only a week before trial because my daughter and I talked every day on the phone. As you know, pre-trial conditions do not remain after sentencing unless specifically ordered by the sentencing judge which was not the case.

But according to your email response the BOP is not the one preventing my participation. Since the court is not preventing it either, there should be no impediments from the BOP for my participation in the new hearing. I don't know when it is yet because I can't call my attorney due to the bogus phone shot.

I am asking for your help in finding out where my answer is on my phone appeal. As I stated in my last email, it was due on 8/30/13 from regional. My "co-defendant" received her response and the charges were expunged. I need contact with my attorneys. This is my attempt at an informal resolution before I start another 8 1/2. I don't know what else to do. It's not like I can call up there. Can you call them or something?

Thank you for your time,
Lisa Biron

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 27, 2014

FROM: ADMINISTRATIVE REMEDY COORDINATOR
NORTHEAST REGIONAL OFFICE

TO  : LISA BYRON, 12773-049
DANBURY FCI         UNT: N    QTR: N03-006LOW
ROUTE 37
DANBURY, CT 06811

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID        : 769475-R1    REGIONAL APPEAL
DATE RECEIVED    : FEBRUARY 25, 2014
SUBJECT 1        : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2        :
INCIDENT RPT NO  :

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF THE   DHO REPORT YOU
                 WISH TO APPEAL OR      IDENTIFY THE CHARGES AND DATE
                 OF THE DHO ACTION.

REJECT REASON 2: SEE REMARKS.

REJECT REASON 3: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS       : PLEASE WRITE YOUR APPEAL IN ENGLISH
                PROVIDE A COPY OF THE DHO REPORT YOU ARE APPEALING
                SEE UNIT TEAM FOR HELP

R'cd 3/3/14

App. 06

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MARCH 10, 2014     *Received 3/17/14 @ 6:30 p.m.*

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : LISA BIRON, 12775-049
      BROOKLYN MDC     UNT: E     QTR: Z02-016LDS
      P.O. BOX 329001
      BROOKLYN, NY 11232


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID.      : 769475-R2        REGIONAL APPEAL
DATE RECEIVED   : MARCH 6, 2014
SUBJECT 1       : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU RAISE MORE THAN ONE ISSUE/RELATED ISSUE OR APPEAL MORE
                 THAN ONE INCIDENT REPORT (INCIDENT NUMBER).   YOU MUST
                 FILE A SEPARATE REQUEST/APPEAL FOR EACH UNRELATED ISSUE
                 OR INCIDENT REPORT YOU WANT ADDRESSED.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

*Rcvd 3-17-14*
*@ 6:30 p.m.*
*Witnessed by:*
*Lieutenant Tamayo*
*+*
*Officer Shaw*

**App. 07**

Case 4:14-cv-00772-O   Document 14   Filed 03/06/15   Page 21

Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From:  Biron, Lisa A.           12775-049      SHU        Danbury FCI
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.     UNIT      INSTITUTION

**Part A - REASON FOR APPEAL**

SEE ATTACHED FOR APPEAL OF Incident Reports: 2543232

DHO Hearing Date: 2/19/2014

2/22/14
DATE                              SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE                                        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE              CASE NUMBER: _____

**Part C - RECEIPT**
                                        CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE                              SIGNATURE, RECIPIENT OF REGIONAL APPEAL    App. 08

USP LVN

This appeal will be brief in substance as most of the argument has been made before. These actions against Ms. Biron: the onslaught of harassment and constitutional violations are clearly in retaliation for her reporting Officers Canarozzi's and Bachelor's assault on former Inmate Cruz. She will not waste her efforts here as this matter will be dealt with properly in the Connecticut District Court.

Please refer to all of the argument from the BP 10 for Remedy ID No.: 760540-R1. It is incorporated herein by reference. Pay close attention to all of the written documentation submitted at the hearing and in the file.[1] Note also that Ms. Shakro witnessed the entire farse of a hearing and the aftermath—a true due process nightmare.

Also note that DHO Shamro's representation that Ms. Biron knowingly violated a court order is patently false as Ms. Biron's position should be abundantly clear by now -- there is no no-contact order.[2]

So the record is clear: Ms. Biron went in to the hearing to defend a code 196 and 296 violation. At the hearing Ms. Biron was found guilty of the 196. The 296 was changed by biased DHO Shamro to a code 196 as he confidently stated, "This was NOT circumvention." At this point in time, Ms. Biron was found guilty of two (2) code 196 violations (for the non-existent no-contact orders).[3]

At some point after Ms. Biron was escorted in hand-cuffs out of the hearing to the SHU, DHO Shamro changed the 196 convictions to two (2) code 296 convictions -- circumvention of mail monitoring procedures. As DHO Shamro correctly stated during the procedurally defunct hearing, "This was NOT circumvention."

Please expunge and restore Ms. Biron's good-time and privileges.

---

1 It appears that the 2 emails from Mr. Shamro that were attached to the Biased DHO Objection were not submitted. Mr. Shamro is also Ms. Biron's Unit West manager and actually walked into the room while Ms. Biron was being "teamed" by the UDC for one of the charges.
2 The state family court and state DCYF are fully aware that Ms. Biron has been contacting her daughter and they even have copies of such correspondence. This is a civil state family law matter. Has the FBOP ever heard of the Tenth Amendment to the Constitution?
3 Mr. Shamro refers to a standardized release condition in his findings. One has to ask: are there now three (3) no-contact orders Ms. Biron is violating?

App. 09

Case 4:14-cv-00772-O   Document 14   Filed 03/06/15   Page 40 of 69   PageID 223

U.S. Department of Justice
Federal Bureau of Prisons

Regional Administrative Remedy Appeal

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **Biron, Lisa A.**          **12775-049**          **SHU**          **MDC Brooklyn**
      LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL**

See attached for appeal of incident report #

2545925

_riginal appeal 2/22/14 (also enclosed)
3 addendum 3/19/14
          DATE          _Lisa Biron_
                        SIGNATURE OF REQUESTER

**Part B - RESPONSE**

          DATE

f dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar
lays of the date of this response.

RIGINAL: RETURN TO INMATE

                                        REGIONAL DIRECTOR

                                        CASE NUMBER: **173112-R1**

'art C - RECEIPT
                                        CASE NUMBER: _____

:eturn to: _____
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION
UBJECT:_____

          DATE
BP LVN          SIGNATURE, RECIPIENT OF REGIONAL APPEAL          App. 10

This appeal will be brief in substance as most of the argument has been made before. These actions against Ms. Biron: the onslaught of harassment and constitutional violations are clearly in retaliation for her reporting Officers Canarozzi's and Bachelor's assault on former Inmate Cruz. She will not waste her efforts here as this matter will be dealt with properly in the Connecticut District Court.

Please refer to all of the argument from the BP 10 for Remedy ID No.: 760540-R1. It is incorporated herein by reference. Pay close attention to all of the written documentation submitted at the hearing and in the file. Note also that Ms. Shakro witnessed the entire farse of a hearing and the aftermath--a true due process nightmare.

Also note that DHO Shamro's representation that Ms. Biron knowingly violated a court order is patently false as Ms. Biron's position should be abundantly clear by now -- there is no no-contact order.[1]

So the record is clear: Ms. Biron went in to the hearing to defend a code 196 and 296 violation. At the hearing Ms. Biron was found guilty of the 196. The 296 was changed by biased DHO Shamro to a code 196 as he confidently stated, "This was NOT circumvention." At this point in time, Ms. Biron was found guilty of two (2) code 196 violations (for the non-existent no-contact orders).[2]

At some point after Ms. Biron was escorted in hand-cuffs out of the hearing to the SHU, DHO Shamro changed the 196 to two (2) code 296 convictions -- circumvention of mail monitoring procedures. As DHO Shamro correctly stated during the procedurally defunct hearing, "This was NOT circumvention."[3]

Please expunge and restore Ms. Biron's good-time and privileges.

---

1 It appears that the 2 emails from Mr. Shamro that were attached to the Biased DHO Objection were not submitted. Mr. Shamro is also Ms. Biron's Unit West manager and actually walked into the room while Ms. Biron was being "teamed" by the UDC for one of the charges.
2 The state family court and state DCYF are fully aware that Ms. Biron has been contacting her daughter and they even have copies of such correspondence. This is a civil state family law matter. Has the FBOP ever heard of the Tenth Amendment to the Constitution?
3 Mr. Shamro refers to a standardized release condition in his findings. One has to ask: are there now three (3) no-contact orders Ms. Biron is violating?

Lisa Biron
FMC Carswell
P.O. Box 27137
Fort Worth, Texas 76127

Mr. Facie, Unit Manager                                    April 12, 2014
MDC - Brooklyn
P.O. Box 329002
Brooklyn, New York 11232

Dear Mr. Facie:

First, thank you for being the most competent and helpful person that I have
encountered in my prison experience.  (Officer Willis is a close "second").

I am writing because the FBOP appeal that I mailed to Regional from the Brooklyn
MDC SHU--the one that I asked Lt. Tamayo to sign as a witness to the fact that
it was delivered to me on 3/17/2014 at 6:30 p.m. (seven (7) days after the
3/10/2014 postmark)--was returned to me rejected as not bearing staff verifica-
tion of this fact.

I am sure Lt. Tamayo, as well as Officer Shaw, will recall the incident as she
even requested to see the envelope with the postmark.  Would you please ask that
she or Officer Shaw sign and return the enclosed Rejection Notice as proof of
when the notice was delivered to me.  There is no way I will be able to get this
proof to Regional according to its deadline, and this is, of course, by design.
I will, however, need Lt. Tamayo's or Officer Shaw's witness of this late delivery
for the court.

It is my hope that a signature from one of them will be sufficient as my only
alternative would be to subpoena them to testify.

Also, while I was there, I wrote a cop-out to the Captain requesting proof of my
legal mailings.  I did not receive this and do still need it.  I mailed three (3)
legal pieces of mail.  One was to the First Circuit on or about March 11, 2014;
the second was to the U.S. District Court of Connecticut on or about March 13, 2014,
and the third was to the FBOP Northeast Regional Office on or about March 20, 2014.

Thank you in advance for your help with these matters.

                                              Sincerely,

                                              Lisa Biron
                                              Lisa Biron

Lisa A. Biron
12775-049
FMC Carswell
P.O. Box 27137
Fort Worth , Texas 76127

Second Request                                    June 9, 2014
Mr. Facie, Unit Manager
Metropolitan Detention Center
80 29th Street
Brooklyn, NY 11232

Dear Mr. Facie:

This is my second attempt to try to get the staff verification that I
need to accomplish my administrative remedy.  I have enclosed a copy
of the original request dated April 12, 2014, and another copy of the
Rejection Notice.

Thank you for your help with these matters.

Sincerely,

*Lisa Biron*

Lisa A. Biron


Enclosures

App. 13

**REJECTION NOTICE - ADMINISTRATIVE REMEDY**

DATE: MARCH 10, 2014        *Received 3/17/14 @ 6:30 p.m.*

FROM: ADMINISTRATIVE REMEDY COORDINATOR
NORTHEAST REGIONAL OFFICE

TO  : LISA BIRON, 12775-049
      BROOKLYN MDC    UNT: E    QTR: Z02-016LDS
      P.O. BOX 329001
      BROOKLYN,  NY 11232

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID.    : 769475-R2        REGIONAL APPEAL
DATE RECEIVED : MARCH 6, 2014
SUBJECT 1     : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2     :
INCIDENT RPT NO:

REJECT REASON 1: YOU RAISE MORE THAN ONE ISSUE/RELATED ISSUE OR APPEAL MORE
                 THAN ONE INCIDENT REPORT (INCIDENT NUMBER).  YOU MUST
                 FILE A SEPARATE REQUEST/APPEAL FOR EACH UNRELATED ISSUE
                 OR INCIDENT REPORT YOU WANT ADDRESSED.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

*Rcvd 3-17-14
@ 6:30 p.m.
Witnessed by:
Lieutenant Tamayo
+
Officer Shaw*

App. 14



Case 4:14-cv-00772-O   Document 14   Filed 03/06/15   Page 46 of 68   PageID 239

*Delivered to inmate*
*4/7/2014  5:00 pm*
*R. Burgos*

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MARCH 28, 2014

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO: LISA BIRON, 12775-049
    OKLAHOMA CITY FTC    UNT: HOLDOVER F    QTR: E05-512U
    P.O. BOX 898802
    OKLAHOMA CITY,  OK 73189

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      .: 769475-R3      REGIONAL APPEAL
DATE RECEIVED  : MARCH 25, 2014
SUBJECT 1      : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2      :
INCIDENT RPT NO: 2543232

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                 INCLUDES MAIL TIME.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REJECT REASON 3: SEE REMARKS.

REMARKS        : PROVIDE STAFF VERIFICATION FOR BEING UNTIMELY

*2/19/14  DHO Hearing*

App. 16

*1*

*Reviewed on*
*4/16/14*

*Officer Adams*

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MARCH 28, 2014

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : LISA BIRON, 12775-049
      OKLAHOMA CITY FTC      UNT: HOLDOVER F      QTR: E05-512U
      P.O. BOX 898802
      OKLAHOMA CITY,  OK 73189

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID     : 773112-R1      REGIONAL APPEAL
DATE RECEIVED : MARCH 25, 2014
SUBJECT 1     : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2     :
INCIDENT RPT NO: 2545925

REJECT REASON 1: SEE REMARKS.

REJECT REASON 2: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                 INCLUDES MAIL TIME.

REJECT REASON 3: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS       : YOUR APPEAL IS UNTIMELY, IT WAS DUE TO THE NERO BY
                3/13/2014 IT WAS RCV'D ON 3/25/2014. PROVIDE STAFF
                VERIFICATION FOR BEING UNTIMELY.

*2/19/14    DHO Hearing*

App. 17

## DISCIPLINARY HEARING OFFICER REPORT

**U.S. DEPARTMENT OF JUSTICE**                                     **FEDERAL BUREAU OF PRISONS**

| Name of Inmate: | Biron, Lisa | Reg. No: | 12775-049 | Hearing Date: | 7-31-14 |
|---|---|---|---|---|---|

| Institution: | FMC Carswell | | Incident Report Number: | | 2602170 | |
|---|---|---|---|---|---|---|
| **NAME OF INMATE:** | Biron, Lisa | | **REG. NO.:** | 12775-049 | **UNIT:** | Admin Unit |
| Date of Incident Report: | 7-4-14 | | Offence Code: | 296 | | |
| Date of Incident: | 7-3-14 | | | | | |
| Summary of Charges: | Use of Mail for Abuses other than Criminal Activity which Circumvent Mail Monitoring Procedures | | | | | |

### I. NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on:

| (date) | 7-4-14 | at (time) | 1:55 p.m. | (by staff member) | J. Frontera, Lieutenant |
|---|---|---|---|---|---|
| B. The DHO Hearing was held on (date) | | | 7-31-14 | at (time) | 8:30 a.m. |

C. The inmate was advised of the rights before the DHO by (staff member):

| S. Mallard | | | |
|---|---|---|---|
| on (date) | 7-9-14 | and a copy of the advisement of rights form is attached. | |

### II. STAFF REPRESENTATIVE

| A. Inmate waived right to staff representative. | | Yes | | No | X |
|---|---|---|---|---|---|
| B. Inmate requested staff representative and | | Ms. Leblanc | | appeared. | |

C. Requested staff representative declined or could not appear but the inmate was advised of option to postpone hearing to obtain another staff representative with the results that:

| N/A | | |
|---|---|---|
| D. Staff representative | N/A | was appointed. |

### III. PRESENTATION OF EVIDENCE

| A. Inmate | | (admits) | X | (denies) | |
|---|---|---|---|---|---|

B. Summary of Inmate Statement:

Inmate Biron appeared at the hearing and acknowledged receiving a copy of the incident report. She requested a staff representative and did not request any witnesses. Inmate Biron understood her rights before the DHO and raised no issues about the discipline process to this point.

During the DHO Hearing inmate Biron elected to make a statement. Inmate Biron stated, "There is a no contact order on her, I can write her, she is my daughter, they have no right to keep me from writing my daughter, they don't have jurisdiction to write up a 'no contact' order."

C. Witnesses:

| 1. The inmate requested witnesses. | | Yes | | No | X |
|---|---|---|---|---|---|

App. 18

## DISCIPLINARY HEARING OFFICER REPORT

**U.S. DEPARTMENT OF JUSTICE**                        **FEDERAL BUREAU OF PRISONS**

| Name of Inmate: | Biron, Lisa | Reg. No: | 12775-049 | Hearing Date: | 7-31-14 |
|---|---|---|---|---|---|

| | |
|---|---|
| 2. The following persons were called as witness at the hearing and appeared: | |
| | N/A |

| 3. A summary of the testimony of each witness is attached | | N/A |
|---|---|---|

| | |
|---|---|
| 4. The following persons requested were not called for the reason(s) given: | |
| | N/A |

| | |
|---|---|
| 5. Unavailable witnesses were requested to submit written statements and those statements received were considered: | |
| | N/A |

**D. Documentary Evidence:** In addition to the Incident Report and Investigation, the DHO considered the following documents:

| | Copies of mail being sent to Rachael Biron<br>United States District Court for the District of New Hampshire Order |
|---|---|

**E.** Confidential information was used by the DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

| | N/A |
|---|---|

**IV. FINDINGS OF THE DHO**

| | X | A. The act was committed as charged. |
|---|---|---|
| | | B. The following act was committed. |
| | | C. No prohibited act was committed: Expunged according to Inmate Discipline PS. |

**V.   SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observation, written documents, etc.)**

| | Your due process rights were reviewed with you. I confirmed you received a copy of the incident report, did not have any witnesses, and had no documentary evidence to present. You requested Ms. Leblanc as your staff representative and she was present during the hearing. You understood your due process rights and were prepared to proceed with your disciplinary hearing.<br><br>The DHO finds you committed the prohibited act of Use of Mail for Abuses other than Criminal, code 296, when staff discovered outgoing correspondence from inmate Lisa Biron, Reg. No. 12775-049, addressed to R‍    B    (daughter of inmate Biron), 1578 Penniman Rd. Williamsburg, VA 23185. On July 4, 2014, a court order was reviewed and identified that inmate has a 'no contact' order with R‍    B    due to her being the victim of her initial crime.<br><br>During the hearing, you admitted to the DHO sending out the mail but stated there was 'No Contact' order in place and stated that it is not valid, it was only verbal.<br><br>The DHO relied upon the written account of SIS Technician D. Wenger, who reviewed the mail during |
|---|---|

App. 19

## DISCIPLINARY HEARING OFFICER REPORT

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| Name of inmate: | Biron, Lisa | Reg. No: | 12775-049 | Hearing Date: | 7-31-14 |

routine monitoring and copies of the mails being sent out. Also, the DHO relied on the Court Order for Criminal No. 12-cr-140-1-PB, which states, The court grants the government's request, Defendant (Lisa Biron) shall have no contact (either direct or indirect) with the minor victim between now and the resolution of this case. Dated January 3, 2013 and signed by United States Magistrate Judge Landya B. McCafferty. In addition, an email from the USAO, dated 10-10-13, indicated due to Ms. Biron's appeal in the First Circuit, and the litigation continues and the case is not resolved, the Magistrate's Order remains in effect.

The DHO finds inmate Biron did commit the prohibited act of use of mail for abuses other than criminal activity. Inmate Biron was attempting to contact a victim of her crime, when she mailed out a letter to R        B   . This behavior interferes with the staff member's ability to complete his or her assigned duties and to effectively deal with all other inmates. Therefore, due to the greater weight of the evidence, the DHO concluded that inmate Biron is appropriately charged and will be sanctioned accordingly.

### VI. SANCTIONS OR ACTION TAKEN

Offense Severity: Moderate
SGT Available: 54

Disallowance of Good Conduct Time: 27 days
Disciplinary Segregation: 15 days suspended 180 days clear conduct
Loss of Privileges: LP Phone  90 days
                   LP Comm 90 days
                   LP Email  90 days

### VII. REASON FOR SANCTION OR ACTION TAKEN

The sanction against Good Conduct Time was used to comply with the mandatory sanctioning guidelines for inmates sentenced under the Prison Litigation Reform Act (PLRA).

Behavior of this nature is considered disruptive to the safety, security, and orderly operation of the institution. Therefore, the inmate was sanctioned to disciplinary segregation to ensure the safety of all inmates and staff within the institution; however, this sanction has been suspended pending 180 days clear conduct.

Loss of privileges was imposed to correct the present inappropriate behavior and deter the inmate and others from future behavior of this type.

### VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

### IX. Disciplinary Hearing Officer

| Printed Name | Signature | Date |
| --- | --- | --- |
| B. Valle, DHO |  | 8-13-14 |

Delivered to inmate:                 8-28-14        7:46

App. 20

Incident Report Number: 2602170

U.S. Department of Justice                                          Regional Administrative Remedy Appeal

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: | Biron, Lisa A. | 12775-049 | 2-South | FMC, Carswell |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

Part A—REASON FOR APPEAL ¯Appealing DHO's erroneous holding that there exists a no-contact order between me and R.B.

There is no no-contact order¯in place because Magistrates have no injunctive powers (see e-mail argument to Atty Kerr that was submitted to DHO as exhibit, attached). Consequently, I have violated nothing. Therefore, please expunge my record, restore my privileges, return my mail, and refrain from violating my and R.B.'s constitutional rights in the future.

Also note: This appeal is timely as the DHO Report (included) was delivered on 8/28/14 as evidenced by Ms. Hay's signature in section IX .

The DHO report contains several of what are assumed to be scrivener's errors. I am quoted as saying "There is a no-contact order . . . " where, clearly, it should read, "There is no no-contact order . . . " (DHO Rep. at *III). This error occurs again in DHO Rep. at *V where it reads that I "stated there was 'No-contact' order in place . . ." Obviously this should read that I "stated there was no 'No-contact' order in place . . ."as that has always been my position.

| September 4, 2014 | _Lisa Biron_ |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

Part B—RESPONSE

| | |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: _____

Part C—RECEIPT                                         CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

App. 21

SUBJECT: _____

BIRON, Lisa                REG. NO. 12775-049   RECEIPTED: 9/8/14

CASE NO. 795306-R1         PART B - RESPONSE

You are appealing a Discipline Hearing Officer (DHO) action of
7/31/14, for Code 296, Use of Mail for Abuses Other Than
Criminal Activity Which Circumvent Mail Monitoring Procedures.

We are directing the DHO to conduct a reconsideration in this
case.  Unless new evidence is presented, you need not be present
for the reconsideration.  The DHO will provide you an amended
report after the reconsideration.

In the event you are dissatisfied with the results of the
rehearing, you may appeal to the Bureau of Prisons, South
Central Regional Office, 344 Marine Forces Drive, Grand Prairie,
Texas 75051.  Your appeal must be received in that office within
20 days from the date you receive your copy of the amended DHO
report.


OCT 1 7 2014
_____                    _____
Date                                   sel J. A. Keller
                                       Regional Director


App. 22

Reconsideration 11-20-14 (Appeal #795306-R1)

## DISCIPLINARY HEARING OFFICER REPORT

**U.S. DEPARTMENT OF JUSTICE**        **FEDERAL BUREAU OF PRISONS**

| Name of Inmate: | Biron, Lisa | Reg. No: | 12775-049 | Hearing Date: | 7-31-14 |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| **Institution:** | FMC Carswell | **Incident Report Number:** | | 2602170 | |
| **NAME OF INMATE:** | Biron, Lisa | | **REG. NO.:** | 12775-049 **UNIT:** | Admin Unit |
| **Date of Incident Report:** | 7-4-14 | | **Offence Code:** | 296 | |
| **Date of Incident:** | 7-3-14 | | | | |
| **Summary of Charges:** | Use of Mail for Abuses other than Criminal Activity which Circumvent Mail Monitoring Procedures | | | | |

### I.  NOTICE OF CHARGE(S)

A.  Advanced written notice of charge (copy of Incident Report) was given to inmate on:

| (date) | 7-4-14 | at (time) | 1:55 p.m. | (by staff member) | J. Frontera, Lieutenant |
|---|---|---|---|---|---|

| B.  The DHO Hearing was held on (date) | | 7-31-14 | at (time) | 8:30 a.m. |
|---|---|---|---|---|

C.  The inmate was advised of the rights before the DHO by (staff member):

| S. Mallard | | | |
|---|---|---|---|
| on (date) | 7-9-14 | and a copy of the advisement of rights form is attached. | |

### II.  STAFF REPRESENTATIVE

| A.  Inmate waived right to staff representative. | | Yes | | No | X |
|---|---|---|---|---|---|
| B.   Inmate requested staff representative and | | Ms. Leblano | | appeared. | |

C.  Requested staff representative declined or could not appear but the inmate was advised of option to postpone hearing to obtain another staff representative with the results that:

| N/A | | | |
|---|---|---|---|
| D.   Staff representative | N/A | | was appointed. |

### III.  PRESENTATION OF EVIDENCE

| A.  Inmate | | (admits) | X | (denies) |
|---|---|---|---|---|

B.  Summary of Inmate Statement:

> Inmate Biron appeared at the hearing and acknowledged receiving a copy of the incident report.  She requested a staff representative and did not request any witnesses.  Inmate Biron understood her rights before the DHO and raised no issues about the discipline process to this point.
>
> During the DHO Hearing inmate Biron elected to make a statement.  Inmate Biron stated, "There is a no contact order on her, I can write her, she is my daughter, they have no right to keep me from writing my daughter, they don't have jurisdiction to write up a 'no contact' order."

C.  Witnesses:

Page 1 of 4

App. 23

Reconsideration 11-20-14 (Appeal #795306-R1)

## DISCIPLINARY HEARING OFFICER REPORT

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| Name of Inmate: | Biron, Lisa | Reg. No: | 12775-049 | Hearing Date: | 7-31-14 |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| 1. The inmate requested witnesses. | | Yes | | No | X |
| 2. The following persons were called as witness at the hearing and appeared: | | | | | |
| | N/A | | | | |
| 3. A summary of the testimony of each witness is attached | | | | N/A | |
| 4. The following persons requested were not called for the reason(s) given: | | | | | |
| | N/A | | | | |
| 5. Unavailable witnesses were requested to submit written statements and those statements received were considered: | | | | | |
| | N/A | | | | |

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

> Copies of mail being sent to Rachael Biron
> United States District Court for the District of New Hampshire Order

E. Confidential information was used by the DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

> N/A

**IV. FINDINGS OF THE DHO**

| | | |
|---|---|---|
| X | A. The act was committed as charged. | |
| | B. The following act was committed. | |
| | C. No prohibited act was committed: Expunged according to Inmate Discipline PS. | |

**V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observation, written documents, etc.)**

The DHO received an appeal case #795306-R1, which indicated to reconsider the evidence. On November 20, 2014, the DHO reconsidered the evidence and determined inmate Lisa Biron, Reg. No. 12775-049, committed the prohibited act of code 296, use of mail for abuses other than criminal activity which circumvent mail monitoring procedures. Which includes directing others to send, sending or receiving a letter or mail through unauthorized means or sending correspondence to a specific address with directions or intent to have the correspondence sent to an unauthorized person.

The DHO finds you committed the prohibited act of Use of Mail for Abuses other than Criminal, code 296, when staff discovered outgoing correspondence from inmate Lisa Biron, Reg. No. 12775-049, addressed to Mr. Boncczar, Power of Attorney, PO Box 288, Millford, NH 033055, United States, but the contents indicated the letter was to Rachal Biron (daughter of inmate Biron).

Page 2 of 4

App. 24

Reconsideration 11-20-14 (Appeal #795306-R1)

## DISCIPLINARY HEARING OFFICER REPORT

U.S. DEPARTMENT OF JUSTICE                                     FEDERAL BUREAU OF PRISONS

| Name of Inmate: | Biron, Lisa | Reg. No: | 12775-049 | Hearing Date: | 7-31-14 |
|---|---|---|---|---|---|

During the hearing, you admitted to the DHO sending out the mail but stated there was "No Contact" order in place and stated that it is not valid, it was only verbal.

The DHO relied upon the written account of SIS Technician D. Wenger, who reviewed the mail during routine monitoring and copies of the mails being sent out.

The DHO relied on the evidence provided that indicated inmate Biron placed a letter to R          B        , in an envelope that was addressed to Mr. Bonczzar, Power of Attorney, PO Box 288, Millford, NH 03305S, United States. This clearly shows inmate Biron was circumventing the mail monitoring procedures by sending a letter to R          B        through a third party in attempt to have her get the letter. Inmates are not allowed to send mail out through third party and mail should be properly addressed to the recipient of the correspondence. It is inmate Biron's responsibility to know and abide by the institutional rules and regulations.

The DHO finds inmate Biron did commit the prohibited act of use of mail for abuses other than criminal activity. Inmate Biron was attempting to circumvent the mail monitoring procedures by sending a letter to a third party in an attempt to get it forwarded to R          B        . This behavior interferes with the staff member's ability to complete his or her assigned duties and to effectively deal with all other inmates.

Therefore, due to the greater weight of the evidence, the DHO concluded that inmate Biron is appropriately charged and will be sanctioned accordingly.

| VI. SANCTIONS OR ACTION TAKEN | Offense Severity: Moderate<br>SGT Available: 54 |
|---|---|

Effective from Original Hearing Date: 7-31-14
Disallowance of Good Conduct Time: 27 days
Disciplinary Segregation: 15 days suspended 180 days clear conduct
Loss of Privileges:  LP Phone 90 days
                     LP Comm 90 days
                     LP Email 90 days

### VII. REASON FOR SANCTION OR ACTION TAKEN

The sanction against Good Conduct Time was used to comply with the mandatory sanctioning guidelines for inmates sentenced under the Prison Litigation Reform Act (PLRA).

Behavior of this nature is considered disruptive to the safety, security, and orderly operation of the institution. Therefore, the inmate was sanctioned to disciplinary segregation to ensure the safety of all inmates and staff within the institution; however, this sanction has been suspended pending 180 days clear conduct.

Loss of privileges was imposed to correct the present inappropriate behavior and deter the inmate and others from future behavior of this type.

App. 25

Case 4:14-cv-00772-O   Document 14   Filed 03/06/15   Page 56 of 68   PageID 239

Reconsideration 11-20-14 (Appeal #795306-R1)

DISCIPLINARY HEARING OFFICER REPORT

U.S. DEPARTMENT OF JUSTICE                          FEDERAL BUREAU OF PRISONS

| Name of Inmate: | Biron, Lisa | Reg. No: | 12775-049 | Hearing Date: | 7-31-14 |

VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX. Disciplinary Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| B. Valle, DHO | | 12-3-14 |
| Delivered to inmate: | Notty | 12-4-14  7.51 AM |

Page 4 of 4

App. 26

ppeal '#795806 4: MCNV-08003OL Document 14  Filed 03/06/15   Page 57 of 68  PageID 240

U.S. Department of Justice                              Regional Administrative Remedy Appeal

Federal Bureau of Prisons            *Ince Rep* 21602170*

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From:    Biron, Lisa A.              12775-049          2 South        FMC Carswell
         LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.         UNIT          INSTITUTION

Part A—REASON FOR APPEAL  To be guilty of circumventing mail monitoring procedures
:ode 296) there must be some evidence Ms. Biron "sen[t] correspondence to a
>ecific address with directions or intent to have the correspondence sent to an
NAUTHORIZED person . . .." (Emphasis added).  There is NO evidence of this at
[I because R.B. is NOT an unauthorized person.  The indisputable fact that R.B.
> not a person unauthorized to receive mail from Ms. Biron is enough by itself
> require this manufactured and unconstitutional conviction to be expunged.
it to ensure the record is complete for the XXXXXXX future civil suit, the argu-
:nt is expounded upon on the attached page.

DHO Valle represented at the original hearing that once it was confirmed that
:ere was NOT a no-contact order, the charge would be expunged.  His finding on
:consideration shows a complete lack of integrity. XXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXIXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXYXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

December 8, 2014   *mailed 12/11/14*          *Lisa Biron*
         DATE                                  SIGNATURE OF REQUESTER

Part B—RESPONSE




         DATE                                  REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel.  Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

Part C—RECEIPT
                                              CASE NUMBER: _____

Return to: _____  _____  _____  _____
           LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.        UNIT         INSTITUTION
                                                                          App. 27
SUBJECT: _____

_____             _____

BP 10 Appeal #795306                    .              December 8, 2014
Lisa A. Biron
Reg. # 12775-049
_____

     Ms. Biron appeals the DHO Reconsideration decision of
November 20, 2014 and states in support the following.

     Once again the FBOP pulls the due process violation
"bait and switch" (see Admin. Rem. #760540, presently before
the Northern District of Texas, Civil Action No.: 4:14-CV-823-O,
for a nearly identical DHO Hearing and appeal process that
violated Ms. Biron's due process right to a fair hearing).

     On July 31, 2014 at DHO Hearing Ms. Biron was found guilty
of violating a no-contact order -- a non-existent no-contact order.
Of course Ms. Biron spent her time at the hearing defending against
the alleged no-contact violation, presenting evidence and argument
to support the fact that there was no order barring contact with
her daughter, R.B. The DHO, however, relied on the 10/10/2013 email
wherein AUSA Donald Fieth falsely asserted that a valid no-contact
existed, and found Ms. Biron guilty of a code 296 for violating
a no-contact order.

     On appeal to Regional, the FBOP conceded that Ms. Biron did
not violate any no-contact order. But instead of expunging her
conviction because she did nothing wrong, the FBOP violated Ms.
Biron's due process rights by holding a re-hearing without her
present to defend herself against a completely different charge,
based on completely different "evidence", and then finding her
guilty of circumventing mail monitoring procedures based on no
evidence. R.B. is NOT an unauthorized person.

     On or about June 30, 2014, Ms. Biron mailed two (2) envelopes.
One was a letter to her daughter, R.B., at her new home address
in an envelope addressed to R.B. with a FBOP Trulincs approved
contacts label. The second envelope contained an exact photocopy
of this letter and was addressed to her power of attorney (POA) and
mailed at the same time so he could file it as customarily done
with all important letters and documents.

     The DHO has on rehearing deemed this mail to Ms. Biron's POA
a circumvention of mail monitoring procedures. Again, recall that
the original letter was mailed at the same time to R.B. in a prop-
erly addressed envelope with a Trulincs approved contacts label.
It is illogical to the point of absurdity to deem the photocopy
mailed to the POA as an attempt to circumvent the prison's mail
monitoring procedures when the original letter addressed to R.B.
was mailed simultaneously for all to see. Was the completely legal
mailing to R.B. the "decoy"? And even if the POA were keeping a
file to ensure at a later time that R.B. received all of her mail,
if perhaps someone at R.B's address were stealing her mail, this
would be circumventing the mail-thief's intent but certainly not
this prison's when mailed side by side with R.B.'s original letter.

     But once again, this argument was not made at the DHO Hearing
because it was never even suggested that the photocopy mailed to
the POA was an attempt at circumvention. Of course this violates
Ms. Biron's right to due process because she was not notified of
this new charge in advance and was given no opportunity to present a
defense. And clearly there is no evidence of mail circumvention.
Therefore, please expunge Ms. Biron's record and restore her goodtime.

                                                          App 28

BIRON, Lisa          REG. NO. 12775-049     RECEIPTED: 12/12/14

CASE NO. 805002-R1     PART B - RESPONSE

You are appealing a Discipline Hearing Officer (DHO) action of
11/20/14, for Code 296, Use of the Mail for Abuses Other Than
Criminal Activity Which Circumvent Mail Monitoring Procedures;
or Use of the Mail to Commit or Further a High Category
Prohibited Act.  This was a reconsideration of an original DHO
action of 7/31/14.

The record of this disciplinary action reflects you were advised
of your rights and afforded the opportunity to exercise those
rights in accordance with Program Statement 5270.09, Inmate
Discipline Program.  A review of the incident report, the
investigation, the evidence, and related documentation indicates
there is sufficient evidence to support the DHO's decision.

This incident involved the DHO finding you used the mail to
circumvent mail monitoring procedures.  Specifically, while
reviewing outgoing correspondence on 7/3/14, the reporting staff
member discovered an envelope you addressed to one recipient
contained a scanned copy of a letter addressed to another
person.  After the close of the letter, you added as a
postscript, "P.S. I'm scanning this to be sure you get it."  The
DHO considered your statement when deciding the greater weight
of the evidence supported the finding you violated the
prohibited act of Code 296.

You contend the person to whom the letter was addressed was not
a person with whom you are prohibited from corresponding with.
You additionally contend that you sent a separate copy of the
letter directly to the intended recipient and therefore, did not
circumvent mail monitoring procedures.  You provide no evidence
to substantiate these contentions.  Additionally, regardless of
whether you were prohibited from corresponding with the intended
recipient of the letter or whether you sent a separate copy of
the letter directly to the intended recipient, sending the
letter to a third party for forwarding to the intended recipient
constituted circumvention of mail monitoring procedures.

You additionally contend that, when the DHO reconsidered this
case, he improperly considered a completely different charge
with completely different evidence.  A review of the record
reflects the charge, the description of the incident contained
in Section 11 of the incident report, and the evidence the DHO
considered were the same in the original DHO action and in the
DHO's reconsideration.

App. 29

In Section V of the DHO report, the DHO adequately documented
the evidence relied upon to conclude you committed the
████████████████████████████████ imposed are within policy and
████████████████████████████ the prohibited act
████████████████████████████████████
████████████████████████████████████

████████████████████████████ this response, you may
appeal to the Bureau of Prisons, Administrative Remedy Section,
320 First Street, N.W., Washington, D.C. 20534.   Your appeal
must be received in that office within 30 days from the date of
this response.

JAN - 2 2015
_____
Date

J. A. Keller
Regional Director

App. 30

Include two copies of the completed BP-DIR-9 and BP-DIR-10, including any exhibits to be submitted with this appeal.

| From: | Biron, Lisa A. | 12775-049 | 2-South | FMC Carswell |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**PART A — REASON FOR APPEAL**

The entire argument from the attached BP-10 and exhibits are hereby incorporated by reference as though set forth fully herein, and adding the ATTACHED PAGE in response to Regional's Part B Response (ID #805002/original DHO Hearing ID #795906).

January 15, 2015                                    *Lisa Biron*
DATE                                               SIGNATURE OF REQUESTER

**PART B — RESPONSE**

| | | |
|---|---|---|
| DATE | | GENERAL COUNSEL |

REGIONAL: RETURN TO INMATE                          CASE NUMBER:

PART C — RECEIPT                                    CASE NUMBER:

Return to:
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|
SUBJECT:

DATE                   BP-11       SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL      App. 31

BP 11 Appeal #805002 (#795306 Appeal of Original DHO Hearing)
Lisa A. Biron, Reg. #12775-049
January 15, 2015
_____

Ms. Biron did not commit a prohibited act of any kind and requests her record be
expunged.

Mailing a photocopy of a letter to her Power of Attorney (POA documents executed
on 3/5/13 and duly recorded at the Hillsborough (NH) County Registry of Deeds) is NOT
third-party circumvention of mail monitoring procedures especially when mailed simutan-
eously with the original letter addressed to a BOP approved contact (R.B.), both proper-
ly addressed and mailed envelope-opened, for inspection by the unit officer and SIS.

Further, the Regional Director claims that Ms. Biron provided no evidence of this
simultaneous mailing to R.B. This is, indeed, an odd claim as the BOP is already in
possession of this evidence. Ms. Biron was not invited to attend the hearing on recon-
sideration. Therefore, she was unable to resubmit this evidence or to provide any
evidence at all in defense of the new charge. Please refer, however, to the evidence
submitted and used against her at the first DHO Hearing (Appeal #795306) wherein the
original charge claimed that the original mail, addressed to R.B., was the wrongful
act in violation of a (non-existent) no-contact order.

Also note that the section V, Specific Evidence Relied on to Support Findings, in
the original 7/31/14 DHO Report (exhibit 1) makes no mention (NONE) of the photocopied
letter mailed to the POA and only reports that the letter mailed to R.B. was in viola-
tion of a no-contact order, whereas the 11/20/14 Reconsideration DHO Report (exhibit 2)
in the same section makes no mention (NONE) of R.B.'s letter or the (non-existent)
no-contact order, but reports that the photocopy letter to the POA is circumvention
of mail monitoring procedures.

In sum, using different evidence of different actions alleged to be prohibited
acts with no notice or opportunity to defend against is clearly a due process viola-
tion. Further, there is no evidence of third-party mail circumvention of mail monit-
oring procedures. It is apparent that the FBOP needs some district court-guidance on
the correct application of its inmate discipline program.

App. 32



Date:    11/07/2013
Time:    09:19 AM

**Federal Bureau of Prisons**
**TRULINCS**
**Inmate Contacts**
Sensitive But Unclassified

Facility: DAN

Inmate: 12773049 BIRON, LISA

| Contact Name | Address(es) | Email Address(es) | Phone Number(s) | Comment(s) |
|---|---|---|---|---|

Date Created: 07/02/2013
Relationship: Friend

VIRGINIA BCH, VA 23464
United States    ...T WAY

Last Changed: 07/02/2013

(757) 775-1761

Michael Biron

Date Created: 06/15/2013
Relationship: Spouse

PO BOX ...
WILLIAMSBURG, VA 2318?
United States

Last Changed: 06/15/2013    (207) 267-4241

Date Created: 06/07/2013
Relationship: Children

PO BOX
WILLIAMSBURG, VA 2318?
United States

Last Changed: 07/04/2013

DAN-Z-A

App. 33

Page 1 of 6

aUser ID:    TF13574



**U.S. Department of Justice**

**Federal Bureau of Prisons**

*Federal Medical Center, Carswell*

P. O. Box 27066
"J" Street - Building 3000
Fort Worth, Texas 76127

October 20, 2014

**MEMORANDUM FROM JODY R. UPTON, WARDEN**
**FMC CARSWELL**

**TO:  Lisa Biron, Reg. No. 12775-049**

**RE:  RESTRICTED CORRESPONDENCE NOTIFICATION**

This is notification that pursuant to BOP Program Statement 5265.14, *Correspondence,* and the express authorization provided for in 28 C.F.R. § 540.15(a) and 28 C.F.R. § 540.12 you will be placed on Restricted General Correspondence as a matter of classification.  This restriction will be limited in scope to your minor daughter-victim, R . . i B   .  All other persons will remain approved correspondents.

In reaching this determination, my considerations included: your conviction, offense conduct, pre-trial custody attempts to communicate with your minor daughter-victim despite an active no-contact provision in a pre-trial detention order, your repeated and undeterred efforts to contact the minor daughter-victim post-sentencing, and the Special Condition of Supervision imposed by the court for your life term of supervised release, prohibiting contact (direct or indirect) with the minor victim and any child under the age of eighteen.

Be advised, you may respond to this classification, either orally and/or in writing, and can appeal this decision through the BOP administrative remedy program.

10-20-14
Date

Signature

App. 34

Page 1 of 2

(b)(7)(C)                  - Fwd: RE: FW: Emailing: Biron - no contact order.pdf

**From:**    (b)(7)(C)
**To:**
**Date:**    1/30/2014 12:06 PM
**Subject:**  Fwd: RE: FW: Emailing: Biron - no contact order.pdf

(b)(7)(F)

>>> "Feith, Donald (USANH)" <(b)(7)(F)               > 10/10/2013 9:20 AM >>>
(b)(7)(C)

It is the position of the U.S. Attorney's Office that the Magistrate's Order remains in effect until the litigation in this matter is resolved. Ms. Biron's appeal remains before the First Circuit, so the litigation continues and the case is not resolved.

Donald Feith
First Assistant U.S. Attorney

*Please be advised that all emails sent to this address are archived and retained by the United States Department of Justice.*

(b)(7)(F)

file ... \DONICE70 DAN OOPP 10201SU.ocal Settings\Temp\X    App. 35

RECEIPT - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 26, 2015

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : LISA BIRON, 12775-049
      CARSWELL FMC     UNT: UNIT 2     QTR: I04-249U

THIS ACKNOWLEDGES THE RECEIPT OF THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW:

REMEDY ID      : 805002-A1
DATE RECEIVED  : JANUARY 22, 2015
RESPONSE DUE   : MARCH 3, 2015
SUBJECT 1      : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2      :
INCIDENT RPT NO: 2602170

App. 36

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 26, 2015

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : LISA BIRON, 12775-049
      CARSWELL FMC      UNT: UNIT 2     QTR: I04-249U

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID       : 805002-A1
DATE RECEIVED   : JANUARY 22, 2015
RESPONSE DUE    : MARCH 23, 2015
SUBJECT 1       : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2       :
INCIDENT RPT NO: 2602170

App. 37



**D**

**CENTRAL OFFICE'S RESPONSE TO**
**Incident Report No. 2511967**



**Administrative Remedy No. 760540-A2**
**Part B - Response**

You appeal the November 20, 2013, decision of the Discipline Hearing Officer (DHO) regarding incident report #2511967, in which you were found to have committed the prohibited act of Code 296, Use of the Mail for Abuse other than Criminal Activity.  You contend the DHO's decision to amend the prohibited act to a Code 296, from a Code 196, did not give you adequate notice and violated your Due Process rights. For relief, you request the incident report be expunged.

Our review of the disciplinary proceedings indicates compliance with Program Statement 5270.09, <u>Inmate Discipline Program</u>, and we concur with the response provided by the Regional Director.  The above-referenced policy states that after consideration of all the evidence presented at the hearing, the DHO may find the inmate committed the prohibited act as charged and/or a similar prohibited act if reflected in the Incident Report.  In your case, you were initially charged with violation of Code 196.  However, the DHO determined that your actions, as reflected in Section 11 of the Incident Report, to be more consistent with Code 296.  We find no evidence to support your contention your Due Process rights were violated.  The DHO's decision was based upon the evidence detailed in Section V of the DHO report.  We find the determination of the DHO is reasonable and supported by the evidence.  The sanctions imposed in this disciplinary proceeding were commensurate to the severity level of the offense committed and in compliance with policy.

Considering the foregoing, your appeal is denied.


_8|3|15_____
Date

_____
Ian Connors, Administrator
National Inmate Appeals

R'cvd @ FMC Carswell
on 8/19/2015