No. 15-10607

---

United States Court of Appeals
For the Fifth Circuit

---

Lisa Biron,
Petitioner-Appellant

v.

Jody Upton, Warden,
Respondent-Appellee

---

On Appeal from the United States District Court
For the Northern District of Texas
Civil Action No. 4:14-CV-772-O (Consolidated with No. 4:14-CV-823-O)

---

Reply Brief for Appellant

---

Lisa Biron, Esquire
Reg. # 12775-049
FMC Carswell
P.O. Box 27137
Fort Worth, TX 76127

## Table of Contents

Respondent's Bad Faith and Thwarting
    of Process ................................................ 1

The United States Attorney Was Involved in Ms. Biron's
    Prison Disciplinary Proceedings .......................... 2

The Cart Does Not Go Before the Horse ........................ 3

Just the Facts Please ........................................ 4

The Respondent Was Dead-set Against An Administrative
    Resolution ............................................... 5

Certifications ............................................... 6

## Table of Authorities

Jones v. Bock,
     549 U.S. 199 (2007) ........................................   3

McCleskey v. Zant,
     499 U.S. 467 (1991) .......................................   3

United States v. Kojayan,
     8 F.3d 1315 (9th Cir. 1993) ..............................   3

## Respondent's Bad Faith and Thwarting of Process

The Respondent contends that Ms. Biron did not support her claims that the Respondent rejected her administrative remedy attempts in bad faith and thwarted her attempts at exhausting her administrative remedies. (Resp. Br. at 20-21, 24-25.)  But the record below shows that the Respondent rejected the properly filed appeal of the February 19, 2014 disciplinary convictions by telling her to "write [her] appeal in English; ask unit team for help" when her appeal was already written in English.  Is this what the Respondent means when he states that the "BOP always gave [Ms. Biron] the opportunity to correct her error by telling her what she did wrong . . . [and i]t was her choice not to follow instructions[?]" (Id. at 24-25.)

Also, in the same rejection notice, Ms. Biron was told to provide copies of the DHO reports when this is <u>not</u> required by the regulations as long as the incident report numbers and hearing date are provided, which they were.  Nevertheless, Ms. Biron resubmitted the appeal with the DHO reports.  This appeal was then rejected for the second time for a different "reason".  The reason:  that an extra BP-10 form was not included with the appeal.  This "reason" was omitted from the first rejection notice that instead told Ms. Biron to "write [her] appeal in English; ask unit team for help."  Yet the Respondent contends that this is not bad faith.

Likewise, the Respondent completely ignores (as did the District Court) the refusal of Respondent to provide written verification of the late delivery of the rejection notice.  As argued below, this refusal directly thwarted Ms. Biron's administrative remedy quest as her subse-

1

quent resubmission was rejected for this reason.

In sum, Ms. Biron provided sufficient evidence of bad faith reject-
ions and FBOP thwarting of her administrative remedy attempts.

### The United States Attorney Was Involved in Ms. Biron's Prison Disciplinary Proceedings

To counter Ms. Biron's claim that the pursuit of an administrative
remedy was futile, the Respondent asserts that Ms. Biron did not offer
"evidence or legal support[] that the United States Attorney is legal
counsel to the BOP . . . ." (Resp. Br. at 24.) Ms. Biron refers the
Respondent to the cover page and signature block of his filings in this
matter, and asks that this Court take judicial notice that the U.S. Attorn-
ey is indeed legal counsel to the FBOP. Further, Respondent asserts that
"the United States Attorney does not advise the BOP on administrative
matters." This is clearly not true in Ms. Biron's case. The U.S. Attorn-
ey did in fact advise the FBOP of its opinion, and its wishes, regarding
the magistrate's pre-trial order, and the DHOs did in fact rely on this
advice to find Ms. Biron guilty at every hearing.

The Respondent contends that the FBOP was free to ignore the legal
posture and desire of the U.S. Attorney during the administrative remedy
process because the U.S. Attorney does not act as official legal counsel
to the Respondent until the matter reaches the court system. While technic-
ally accurate in theory, this contention defies logic and common sense in
practice. The U.S. Attorney and the FBOP are both part of the Department
of Justice and their cooperative effort against Ms. Biron, in these trumped-
up disciplinary actions, raises serious ethical concerns. One might think,
that under these circumstances, Respondent would waive his defense of non-
exhaustion and welcome a district court's review of the matter. One might

even think that if the ultimate goal of the Justice Department was justice, not winning, that the U.S. Attorney, as Respondent's counsel, would recommend such a waiver. But as the Ninth Circuit's Judge Alex Kozinski has observed, "It's the easiest thing in the world for people trained in the adversarial ethic to think a prosecutor's job is simply to win." United States v. Kojayan, 8 F.3d 1315, 1324 (9th Cir. 1993).

## The Cart Does Not Go Before the Horse

The Respondent suggests that this Court disregard much of her argument raised or expanded upon for the first time in her district court-reply brief. In pressing his suggestion, Respondent takes the untenable position that Ms. Biron's arguments against his affirmative defense of non-exhaustion should have been made in her opening petition, before he raised the defense in his response brief.

But courts have never required habeas petitioners to possess psychic powers or the ability to answer an affirmative defense before it is raised. Indeed, failure to exhaust is an affirmative defense that the Respondent has the burden of raising and proving. Jones v. Bock, 549 U.S. 199, 216 (2007). As the moving party, the petitioner bears no burden whatsoever until and unless the responding party chooses to invoke the defense. See McCleskey v. Zant, 499 U.S. 467, 494 (1991). And it is only after the respondent satisfies this pleading burden that the burden reverts to the petitioner to disprove the defense. Id.

Accordingly, Ms. Biron's arguments and supporting evidence against Respondent's defense of non-exhaustion are not, as Respondent contends, "new grounds for relief" (Resp. Br. at 21, 21 n.4), and are properly raised in her reply brief. Certainly, the District Court would have granted the Respondent leave to respond to Ms. Biron's arguments had he so moved.

3

## Just the Facts Please

Much of what the Respondent sets forth as "facts" in his brief are actually not facts or are not relevant to the resolution of an action challenging prison disciplinary proceedings. For instance, as previously addressed in her district court filings, the Respondent's contention that Ms. Biron refers to Michael Bonczar (also her father) as her Power of Attorney ("POA") to avoid mail monitoring is a completely false and utterly baseless accusation. Ms. Biron calls Mr. Bonczar her POA because he _is_ her POA. He acts on her behalf as part of her legal team and she mails him file copies of various documents frequently. Indeed, part of this action involves a photocopy of a letter that was mailed to him. Ms. Biron invites the Respondent to examine the POA documents executed on March 5, 2013 and duly recorded at the Hillsborough County Registry of Deeds, Book 8719, Page 2101. Available at www.NHdeeds.com.

Similarly, the Respondent's allegation of pre-trial witness tampering is false and, nevertheless, completely irrelevant to this petition, as is the recitation of her counts of conviction and the inoperative terms of her supervised release conditions. Further, the DCYF social worker that told Ms. Biron that a no-contact order remained in place was misinformed, and her letter is proof of nothing. In fact, it is suspected that the same Assistant U.S. Attorneys who lied about the validity of the magistrate's pre-trial order prompted the writing of this letter.

Ms. Biron trusts that this honorable Court will not be swayed by Respondent's attempt to disparage her and to cloud what is relevant to a § 2241 action brought to challenge disciplinary convictions for the alleged violation of prison rules.

## The Respondent Was Dead-set Against An Administrative
## Resolution

The Respondent asserts that the exhausted appeal of incident report number 2511967 should not count as "precedent" to find the subsequent remedies exhausted or excused. This, Respondent claims, is because the exhausted appeal did not address the same conduct. But all of the convictions necessarily hinge on whether Ms. Biron was prohibited from contact-R.B. And the reason the matter has not been addressed is because the Respondent refused to address it.

Specifically, the Respondent charged and convicted Ms. Biron of violating a no-contact order then balks on appeal to avoid making a determination on the matter. Respondent did this with report number 2511967 (November 2013) and again with report number 2602170 (July 2014). Both reports charged Ms. Biron with violating a no-contact order, and she was convicted of this conduct. Both appeals resulted in modification of the convictions to something other than violating a no-contact order. Both appeal responses were purposely vague, neglecting to resolve the matter of contact with R.B. And in like manner, the appeal of the February 2014 convictions (incident report numbers 2543232 & 2545925) for circumvention of mail monitoring[1] was rejected for allegedly not being written in English.

Yet the District Court, in agreement with the Respondent, does not believe it is an appropriate exercise of its discretion to address the

---

1 Respondent is incorrect that the February 2014 convictions were for violating a no-contact order. Although DHO Shamro said at the hearing he was finding Ms. Biron guilty of 2 code 196s (illegal use of mail) for violating a no-contact order, the DHO reports state that she was found guilty of 2 code 296s for circumvention of mail monitoring.

5

merits of these disciplinary convictions.  In light of this, this Court should consider adopting an "in the interest of justice" exception to non-exhaustion of administrative remedies.  Regardless, the District Court erred in denying and dismissing her petition and this Court should remand with instructions.  Ms. Biron. posits that to hold otherwise amounts to an unconstitutional suspension of the Writ.

Respectfully submitted,

12/14/15
Date

*Lisa Biron*

Lisa Biron, Esq.
Reg. # 12775-049
FMC Carswell
P.O. Box 27137
Fort Worth, TX 76127

### Certification of Service and Timely Filing

I hereby declare, under penalty of perjury, that four (4) copies of this reply brief were mailed U.S. Mail First-class postage prepaid to the Fifth Circuit Court of Appeals by depositing said documents in the inmate legal mail system on this date, and that a copy of same was mailed to AUSA Angie Henson, 1100 Commerce Street, 3rd Floor, Dallas, Texas 75242.

12/4/15
Date

*Lisa Biron*

Lisa Biron

6