UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT



U.S. COURT OF APPEALS RECEIVED JAN 17 2017 FIFTH CIRCUIT

No. 15-10607

Lisa Biron,
    Appellant

v.

Jody Upton, Warden, FMC Carswell,
    Appellee

### Petition for Panel Rehearing

I. The Panel has misapprehended the law and ignored undisputed facts in dismissing Petitioner's claims for non-exhaustion of her administrative remedies ("AR"). She requests that the Panel rehear the appeal.

The judge-made, non-statutory (non-PLRA) rule requiring the exhaustion of administrative remedies should have been excused as allowed under <u>Fuller v. Rich</u>, 11 F.3d 61 (5th Cir. 1994) because the evidence provided by Ms. Biron was undisputed by the Respondent and proved that the Federal Bureau of Prisons ("FBOP" or "Bureau") rendered her ARs for the February 2014 Disciplinary Hearing (Incident Report nos. 2543232 (AR # 769475) & 2545925 (AR # 773112)) unavailable by the extraordinary acts of wrongly rejecting them when they were properly submitted, rejecting them as not written in English when they were (typed) in English and by refusing to provide staff verification to document the late delivery date of the rejection notice which made successful resubmission impossible.

Ms. Biron has provide uncontroverted evidence to show that her remedies were made unavailable by the Respondent and, thus, the judge-made exhaustion requirement should have been excused. See Fuller, 11 F.3d at 62. Indeed, the actions by Respondent in thwarting the AR process in Ms. Biron's case would not require exhaustion even if this were an action governed by the mandatory exhaustion provision in the PLRA. See Ross v. Blake, 136 S. Ct. 1850, 1858 (2016)(the Supreme Court holding "the PLRA contains its own, textual exception to mandatory exhaustion. . . . An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones").

In Ross, the Supreme Court held that an AR would be unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1860. Further, "an administrative procedure is unavailable when . . . it operates as a simple deadend . . . ." Id. at 1859.

The plain evidence of the FBOP thwarting Ms. Biron's ARs was completely disregarded and ignored by the district court and this Panel. The evidence and argument is set forth fully in her Reply (and Appendix) to Respondent's Response in Opposition to Petition (wherein he raised the affirmative defense of non-exhaustion) and again in her Brief for Appellant and Reply Brief for Appellant, but once again:

- The appeal (AR) of the February 2014 DHO conviction was submitted in proper procedural manner and correct form identifying the incident reports and the DHO hearing date.

- The AR was rejected for not being written in English and Ms. Biron was instructed to "write your appeal in English," and to "ask unit team for help."

This resulted in a "deadend" caused by the Respondent as Ms. Biron could not figure out how to re-write her appeal in English when it was

2

already in English, typed, with legal citations and footnotes. (See Enlarged Rejection Notice attached to this Petition.)

- A second fallacious reason for the rejection requested Ms. Biron provide the DHO report which is <u>not</u> required under FBOP policy if the incident report is identified along with the DHO hearing date.

- Ms Biron re-submitted the AR anyway with the reports. She did not, however, re-write the AR in English.

- When the AR was rejected again requesting an additional BP-10 form be provided, the Notice was delivered to Ms. Biron so late that she could not resubmit it in time. (See Second Rejection Notice and Envelope with Postmark attached to this Petition.)

Ms. Biron knew that she would need proof from MDC staff of when this Notice was delivered.

- Ms. Biron asked the MDC staff witnesses to provide this documentation.

- MDC Brooklyn staff refused to provide this essential documentation.

If the first deadend set in place by the Bureau did not make her ARs unavailable, this refusal to provide staff verification ensured it.

- Indeed, Ms. Biron's subsequent resubmission was rejected by the Bureau because <u>MDC Brooklyn Staff would not document the date of the late delivery of the rejection notice.</u>

- Further proof of MDC staff's thwarting of Ms. Biron's ARs is the two (2) letters sent to the MDC Unit Manager Facie asking for the required staff verification. (See Letters to Mr. Facie attached to this Petition.)

- Mr. Facie did not respond. He is a witness to the incident. Surely he will respond if supoenaed.

All of this evidence was before the district court and this Panel and was not disputed by the Respondent. None of it was addressed.

Further, <u>Fuller</u>'s futility exception counsels that exhaustion be excused on Incident Report # 2602170 or, alternatively, because the AR has since been exhausted (Central Office's response deadline was March 23, 2015) conserving judicial resourses warrants addressing the

merits of her Petition now instead of requiring Ms. Biron to file a new Habeas Petition.

In addition, Ms. Biron proved that the FBOP's DHO relied on the U.S. Attorney's opinion (faulty opinion) that a magistrate's pre-trial detention hearing order was a no-contact order still in effect over a year after sentencing. That, coupled with the thwarting of the other ARs strongly support a finding that the pursuit of this AR was futile.

And once again, during this AR, the Regional Director changed course again and sent the matter back for rehearing that Ms. Biron was not invited to attend and convicted her of an entirely different charge based on completely different evidence.

That this Circuit, via this Panel, abdicated its duty to check the corrupt power of the Bureau is evident by its ignoring the undeniable evidence of foul play clearly before the Panel in this case. It has condoned the corrupt actions of the FBOP and thus emboldens this agency in its corrupt DHO and AR practices.

II. The Panel has misapprehended and overlooked the facts and law in holding there was some evidence to support Ms. Biron's disciplinary conviction for Incident Report # 2511967 for writing in code because the evidence overwhelmingly supports that her reference to R.B. as "cousin Erin" was a joke,[1] not a code to disguise R.B.'s identitiy as she referred to the family's dog and R.B.'s school <u>by name</u>, and to herself <u>as</u>

---

[1] As set forth in prior pleadings, Ms. Biron did not testify to this at the hearing because the hearing was exclusively about her alleged violation of a non-existent no-contact order. The prospect of Ms. Biron being found to have written code was never imagined or discussed, thus, no defense was raised and no explanation offered. The letter itself, however, as the <u>Respondent agreed</u>, is proof that the reference to "my cousin Erin" was not code.

mommy. The Respondent has conceded in his Response in Opposition that it was <u>self-evident</u> that the message was intended for R.B. stating, "A simple reading of the letter makes this obvious, but she also signed the letter, 'love, Mommy ;-).'" (Resp. in Opp. 4:14-cv-823, 3.n2.) The Respondent should be held to his admissions.

With the evidence before this Panel, and the Respondent's own admission, it is nonsensical to conclude that there was "some evidence" that Ms. Biron wrote in code to hide her daughter's identity. Again, she signed the message, "love Mommy ;-).". Ms. Biron did nothing wrong. R.B. was an "approved" contact and Ms. Biron sent her Power of Attorney a message to email to her. Yet this Panel allowed the FBOP to, in essence, steal 27 of Ms. Biron's good conduct days based on <u>no</u> evidence of wrongdoing. The courts in this Circuit provide no restraints or checks against the Federal Bureau of Prison's abuse of its power. DHO proceedings are conducted by officers with little to no understanding of how to conduct these quasi-judicial proceedings, and are taking good time in violation of Due Process. An inmate should actually have to commit a wrongful act to lose GCT.

WHEREFORE, Petitioner requests the Panel rehear this appeal.

Respectfully submitted

January 9, 2017
Date

Lisa Biron
Lisa Biron # 12775-049
FMC Carswell
P.O. Box 27137
Fort Worth, TX 76127

### Certificate of Service and of Timely Filing

I hereby declare, under penalty of perjury, that four (4) copies of this Petition were mailed U.S. Firstclass postage paid to the Fifth Circuit Court of Appeals by depositing said documents in the inmate legal mail system on this date, and that a copy of same was mailed to Angie Henson, Esq.

January 9, 2017
Date

5

Lisa Biron
Lisa Biron

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 27, 2014

FROM: ADMINISTRATIVE REMEDY COORDINATOR
NORTHEAST REGIONAL OFFICE

TO : LISA BIRON, 12775-049
DANBURY FCI      UNT: W      QTR: Z03-006LDS
ROUTE 37
DANBURY, CT 06811

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 769475-R1      REGIONAL APPEAL
DATE RECEIVED   : FEBRUARY 25, 2014
SUBJECT 1       : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF THE DHO REPORT YOU
                 WISH TO APPEAL OR    IDENTIFY THE CHARGES AND DATE
                 OF THE DHO ACTION.

REJECT REASON 2: SEE REMARKS.

REJECT REASON 3: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS         : PLEASE WRITE YOUR APPEAL IN ENGLISH
                  PROVIDE A COPY OF THE DHO REPORT YOU ARE APPEALING
                  SEE UNIT TEAM FOR HELP




REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MARCH 10, 2014

*Received 3/17/14 @ 6:30 p.m.*

FROM: ADMINISTRATIVE REMEDY COORDINATOR
NORTHEAST REGIONAL OFFICE

TO  : LISA BIRON, 12775-049
      BROOKLYN MDC    UNT: E    QTR: Z02-016LDS
      P.O. BOX 329001
      BROOKLYN, NY 11232

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID.      : 769475-R2        REGIONAL APPEAL
DATE RECEIVED   : MARCH 6, 2014
SUBJECT 1       : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU RAISE MORE THAN ONE ISSUE/RELATED ISSUE OR APPEAL MORE
                 THAN ONE INCIDENT REPORT (INCIDENT NUMBER). YOU MUST
                 FILE A SEPARATE REQUEST/APPEAL FOR EACH UNRELATED ISSUE
                 OR INCIDENT REPORT YOU WANT ADDRESSED.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

*Rcvd 3-17-14 @ 6:30 p.m. Witnessed by: Lieutenant Tamayo + Officer Shaw*

App. 14

Envelope image:

Postage meter: U.S. OFFICIAL MAIL / PENALTY FOR PRIVATE USE $300 / PITNEY BOWES / $ 000.90⁰ / MAR 10 2014 / 02 1P / 0006898780 / MAILED FROM ZIP CODE 19106

Handwritten note: "Lt. Tamayo and Mr. Shaw witnessed delivery to Ms. Biron on 3/17/14 @ 6:30 am"

Return address:
U.S. Department of Justice
Federal Bureau of Prisons
Northeast Regional Office
U.S. Custom House - 7th Floor
2nd and Chestnut Street
Philadelphia, PA 19106
Official Business

FMC Carswell
P.O. Box 27137
Fort Worth, Texas 76127

Mr. Facie, Unit Manager                                April 12, 2014
MDC - Brooklyn
P.O. Box 329002
Brooklyn, New York 11232

Dear Mr. Facie:

First, thank you for being the most competent and helpful person that I have encountered in my prison experience. (Officer Willis is a close "second").

I am writing because the FBOP appeal that I mailed to Regional from the Brooklyn MDC SHU--the one that I asked Lt. Tamayo to sign as a witness to the fact that it was delivered to me on 3/17/2014 at 6:30 p.m. (seven (7) days after the 3/10/2014 postmark)--was returned to me <u>rejected</u> as not bearing staff verification of this fact.

I am sure Lt. Tamayo, as well as Officer Shaw, will recall the incident as she even requested to see the envelope with the postmark. Would you please ask that she or Officer Shaw sign and return the enclosed Rejection Notice as proof of when the notice was delivered to me. There is no way I will be able to get this proof to Regional according to its deadline, and this is, of course, by design. I will, however, need Lt. Tamayo's or Officer Shaw's witness of this late delivery for the court.

It is my hope that a signature from one of them will be sufficient as my only alternative would be to subpoena them to testify.

Also, while I was there, I wrote a cop-out to the Captain requesting proof of my legal mailings. I did not receive this and do still need it. I mailed three (3) legal pieces of mail. One was to the First Circuit on or about March 11, 2014; the second was to the U.S. District Court of Connecticut on or about March 13, 2014, and the third was to the FBOP Northeast Regional Office on or about March 20, 2014.

Thank you in advance for your help with these matters.

Sincerely,

*Lisa Biron*
Lisa Biron

Lisa A. Biron
12775-049
FMC Carswell
P.O. Box 27137
Fort Worth, Texas 76127

Second Request                                          June 9, 2014
Mr. Facie, Unit Manager
Metropolitan Detention Center
80 29th Street
Brooklyn, NY 11232

Dear Mr. Facie:

This is my second attempt to try to get the staff verification that I need to accomplish my administrative remedy. I have enclosed a copy of the original request dated April 12, 2014, and another copy of the Rejection Notice.

Thank you for your help with these matters.

                                            Sincerely,

                                            *Lisa Biron*
                                            Lisa A. Biron


Enclosures

App. 13