No. 15-10607



---

United States Court of Appeals
For the Fifth Circuit

---

Lisa Biron,
　　Petitioner

v.

Jody Upton, Warden,
　　Respondent

---

PETITION FOR HEARING EN BANC

---

Lisa Biron, Esquire
Reg. # 12775-049
FMC Carswell
Fort Worth, TX 76127

## Table of Contents

Table of Authorities  ..................................... iii

Certificate of Interested Persons  ......................... 1

Statement of the Issues  ................................... 2

Statement of Case and Facts  ............................... 3

Argument and Authorities  .................................. 4

Conclusion  ................................................ 8

Certificate of Service and Timely Filing  .................. 9

Opinion for Review  ........................................ 10

## Table of Authorities

Cases

Boumediene v. Bush,
    533 U.S. 723 (2008) .................................... 4

Bounds v. Smith,
    430 U.S 817 (1977) ..................................... 4

Brooks v. Terrell, No. cv 10-4009, 2010 U.S. Dist.
    LEXIS 144781 (E.D.N.Y. Oct. 14, 2010) .................. 7

Carmona v. United States Bureau of Prisons,
    243 F.3d 629 (2d Cir. 2001) ............................ 6

Clark v. Warden Allenwood FCI, No. 16-3206, 2016 U.S. App.
    LEXIS 20560 (3d Cir. Nov. 16, 2006) .................... 6

Connor v. CO 1 Box, No. 16-1500, 2016 U.S. App.
    LEXIS 12151 (8th Cir. June 29, 2016) ................... 6

D'Apice v. Woodring, No. cv 08-1526, 2008 U.S. Dist.
    LEXIS 124462 (C.D. Cal. Aug. 14, 2008) ................. 7

Ex Parte Bollman,
    8 U.S. (4 Cranch) 75 (1807) ............................ 4

Ex Parte Hull,
    312 U.S. 546 (1941) .................................... 4

Fuller v. Rich,
    11 F.3d 61 (5th Cir. 1994) .......................... 2, 5

Lewis v. Warden, U.S.P. Canaan, No. 3:15-cv-92, 2016 U.S.
    Dist. LEXIS 137083 (M.D. Pa. Oct. 3, 2016) ............. 6

Ross v. Blake,
    136 S. Ct. 1850 (2016) ........................... 2, 7, 8

Spencer v. Fed. Prison Camp Duluth, No. 13-177, 2016 U.S.
    Dist. LEXIS 136094 (D. Minn. Aug. 1, 2016) ............ 5, 6

Williams v. Prianto, No. 14-4777, 2016 U.S. App.
    LEXIS 12775 (2d Cir. July 12, 2016) ...................... 6

**Constitution**

U.S. Const. Art. I, § 9 ..................................... 4

## Certificate of Interested Persons

No one has a financial interest in the outcome of this case.

1

**Statement of the Issues**

The proceeding involves the following issues of exceptional importance that merit en banc consideration.

I. To the extent Fuller v. Rich, 11 F.3d 61 (5th Cir. 1994) requires "exceptional circumstances" to excuse the discretionary, non-statutory, judge-made rule of exhaustion of administrative remedies ("AR"s) before a court will review a Disciplinary Hearing Officer ("DHO") action that sanctions the loss of an inmate's good conduct time ("GCT"), and the Federal Bureau of Prison's ("FBOP"'s or "Bureau"'s) thwarting of AR filings is considered usual and not exceptional by this Court, Fuller allows the suspension of the writ of habeas corpus in violation of the U.S. Constitution.

II. Unlike other circuits, the Fifth Circuit does not, in practice, allow any exceptions to the judge-made, non-jurisdictional, non-statutory AR exhaustion doctrine and has, therefore, abdicated its constitutional, judicial duty to check and balance this executive agency's power, allowing the FBOP unlimited authority in this Circuit to extend an inmate's sentence, through loss of GCT, without any court oversight whatsoever.

III. This Circuit's ridged refusal to excuse non-exhaustion to review FBOP action that lengthens an inmate's term of confinement is contrary to the Supreme Court's treatment of the more stringent and inflexible statutory exhaustion requirement of the Prison Litigation Reform Act ("PLRA") that is set forth in Ross v. Blake, 136 S. Ct. 1850 (2016).

## Statement of Case and Facts

The FBOP, an executive agency, has stripped the Petitioner of 108 days GCT through its inmate discipline program, has shipped her over 1800 miles away from her family to Texas on a fraudulent disciplinary transfer, and has held her for almost four (4) months in disciplinary segregation, all in violation of the Due Process Clause of the United States Constitution.

When the Petitioner, a trained attorney, sought to appeal these actions through the Bureau's AR program, her attempts were thwarted by the Bureau at every turn. Petitioner provided uncontroverted and unrefuted proof of this to the district court and the Circuit Panel.

Specifically, the appeal of her February 2014 DHO conviction (Incident Report nos. 2543232 and 2545925) was filed properly according to FBOP policy, but rejected as allegedly not being written in English — a brazen lie. This fallacious rejection reason was coupled with the audacious statement that Petitioner should ask her unit team for help. Both the district court (N.D. Tex.) and the Fifth Circuit Panel have condoned this aborrant behavior by simply ignoring it and dismissing Petitioner's claims for failure to exhaust her ARs.

If this were not outrageous enough, her attempt to resubmit her AR was thwarted finally and completely when Bureau staff refused to provide verification of the late delivery of the second rejection notice. While attempting to submit the AR, Petitioner was transferred from Danbury CT, FCI to the Brooklyn MDC SHU, to FMC Carswell, Texas, all in less than a month. These facts are not disputed by the Respondent, and are completely ignored by this Court's Panel and the district court.

**Argument and Authorities**

I. Suspension of the Writ of Habeas Corpus

"The privilege of the writ of habeas corpus shall not be suspended unless when, in cases of rebellion or invasion, the public safety may require it." U.S. Const. Art. I, § 9. The writ "must not be subject to manipulation by those whose power it is designed to restrain." Boumediene v. Bush, 553 U.S. 723, 766 (2008). "[T]he state and its officers may not abridge or impair petitioner's right to apply to a federal court for a writ of habeas corpus." Bounds v. Smith, 430 U.S. 817, 822 (1977)(quoting Ex Parte Hull, 312 U.S. 546, 549 (1941)). The power to suspend the writ lies only with Congress. Ex Parte Bollman, 8 U.S. (4 Cranch) 75, 101 (1807). When there is an adequate and effective substitute for habeas review the Suspension Clause is not violated. See Boumediene, 553 U.S. at 766. "[T]he writ of habeas corpus is itself an indispensable mechanism for monitoring the separation of powers." Id. at 765.

The Fifth Circuit, and district court, in dismissing Petitioner's petition for non-exhaustion, when the facts clearly show that her ARs were thwarted and rendered unavailable by the FBOP, equate to the unconstitutional suspension of the writ. The FBOP's AR program, as evidenced by the record in the present case is not an adequate and effective substitute for habeas review. The FBOP rejected Petitioner's AR attempts for fabricated reasons and finally rendered review unavailable through late, undocumented delivery of rejection notices. Though these actions of the Bureau are its ordinary, standard operating procedures, this left Petitioner with no opportunity for judicial

4

review of her due process violation claims. By its unethical game-playing — i.e., rejecting her AR for the completely false claim that her AR appeal was not written in English, when it was, in reality, typed in perfect English with legal citations and footnotes — and by this Circuit's application of Fuller's "exceptional circumstances" required to excuse exhaustion, the privilege of the writ is effectively suspended in this Circuit.

II. The Circuit Has Abdicated Its Duty to Check the Bureau's Abuse of Power

The Fifth Circuit does not, in practice, excuse non-exhaustion of ARs in challenges to DHO good conduct time sanctions as evidenced by the present case and has, thus, allowed the Bureau's unlawful abuse of power to go unchecked.

The reason this government system is separated in to three branches is to guard against abuse of power and to check and monitor each other. Allowing the FBOP to act as it has in the present case (and others like it) by refusing to review its actions, when it has the discretionary authority to do so, is an abdication of its judiciary duties.

It is virtually indisputable that courts in other circuits, on the facts in Petitioner's case, would have reached the merits of Petitioner's claims.

In Spencer v. Fed. Prison Camp Duluth, No. 13-177, 2016 U.S. Dist. LEXIS 136094 (D. Minn. Aug. 1, 2016) a PLRA-plaintiff alleged several instances of FBOP staff's interference with his filing of ARs. The defendants raised the defense of non-exhaustion, but the court stated

5

> On consideration of the record . . . , this Court cannot conclude that as a matter of law the Plaintiff has failed to exhaust his remedies. Exhaustion is an affirmative defense and Defendants carry the burden of proving the defense. . . . Plaintiff's allegations in this regard are largely unrefuted. And Plaintiff has made a showing that is, at a minimum, sufficient to raise the inference that he was prevented from accessing the BOP administrative remedy process.

Id. This is so in the instant case. Petitioner's allegations that her ARs were rendered unavailable by the Bureau are unrefuted. See also Williams v. Prianto, No. 14-4777, 2016 U.S. App. LEXIS 12775 (2d Cir. July 12, 2016)(error to dismiss PLRA case for failure to exhaust when SHU-inmate claimed he submitted first step in AR process, but officials claim it was not received and inmate never attempted to appeal to next level); Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001)(noting that when a § 2241 habeas petitioner shows that legitimate circumstances beyond his control preclude him from fully pursuing ARS. non-exhaustion will be excused); Connor v. CO 1 Box, No. 16-1500, 2016 U.S. App. LEXIS 12151 (8th Cir. June 29, 2016)(dismissal under PLRA for failing to exhaust is improper when a liberal construction of Connor's allegations, of officials thwarting the AR process, support this conclusion); Lewis v. Warden, U.S.P. Canaan, No. 3:15-cv-92, 2016 U.S. Dist. LEXIS 137083 (M.D. Pa. Oct. 3, 2016)(Lewis abandoned AR process, but court "declin[ed] to have this [habeas] case turn on whether exhaustion was satisfied or excused. . . ."); Clark v. Warden Allenwood FCI, No. 16-3206, 2016 U.S. App. LEXIS 20560 (3d Cir. Nov. 16, 2016)("A habeas petitioner's failure to complete the administrative remedy process may be excused where his failure is due to the administrator, rather than the petition-

6

er."); Brooks v. Terrell, No. cv 10-4009, 2010 U.S. Dist. LEXIS 144781 (E.D.N.Y. Oct. 14, 2010)(finding AR process inadequate to prevent irreparable harm to defendant with regard to appealing his stay in the SHU; failure to exhaust was excused); D'Apice v. Woodring, No. cv 08-1526, 2008 U.S. Dist. LEXIS 124462 (C.D. Cal. Aug. 14, 2008)(court excused exhaustion in habeas petition challenging DHO action where petitioner claimed he attempted to obtain documentation that untimely filing was not his fault). The foregoing cases from courts outside of this Circuit evince the judiciary excusing non-exhaustion in cases where it is alleged that officials interfered with the AR process, thus, ensuring that these executive agencies have some oversight. In this Circuit, however, the Bureau has no oversight even when it acts brazenly to thwart an inmate's AR process.

III. This Circuit's Application of the Exhaustion Doctrine
     Will Not Pass Supreme Court Scrutiny

The Supreme Court recently, in Ross v. Blake, addressed the mandatory, statutory exhaustion requirement of the PLRA. 136 S. Ct. 1850 (2016). The PLRA requires exhaustion of available ARs before an inmate may file a civil rights claim. The Court held that although there is no "special circumstances" exception to the PLRA exhaustion requirement, "an inmate's obligation to exhaust hinges on the availability of the administrative remedies." Id. at 1854-55 (emphasis added).

The Court noted that judge-made exhaustion doctrine exceptions (which apply in the instant case) were more lenient than the statutory PLRA requirement. Id. at 1857 (noting that judicial doctrines

7

of exhaustion are "subject to numerous exceptions"). It held that ARs are unavailable under the PLRA when the process "operates as a deadend"; when the process is "so opaque it is incapable or use"; and when prison administrators thwart inmates from completing the AR process through "machination, misrepresentation, or intimidation." Id. at 1859-60.

In the present case, Petitioner's attempts at obtaining an AR wher a deadend: The U.S. Attorney was directing the FBOP on the interpretation of a court order; opaque: How does one re-write in English that which is already written in English?; and were thwarted by the administration: They were rejected wrongly and staff's refusal to document late delivery time of rejection notice haulted the process. Petitioner posits that if her claim were a PLRA action, under the authority of Ross, her ARs are clearly unavailable. This Circuit's more stringent, less flexible, unyielding, and insurmountable judge-made exhaustion doctrine at issue in Petitioner's habeas case is contrary to the spirit of the holding in Ross.

## Conclusion

The Fifth Circuit and the Northern District of Texas have acted in concert with the FBOP to suspend Petitioner's constitutional right to the privilege of the Great Writ, and abdicated their judicial duty to provide a check on this executive agency's abuse of power. In light of Ross, this Circuit's application of the judge-made exhaustion doctrine with not pass Supreme Court scrutiny.

If the Panel's action in disposing of Petitioner's habeas claims for failure to exhaust her ARs was a correct application of the law

in this Circuit, then the en banc Court should hear the case, and change its precedent to preclude this unconstitutional suspension of the writ and the abdication of its judicial responsibilty.

WHEREFORE, Petitioner requests the en banc Court to hear this matter.

Respectfully submitted

1/9/17
Date

*Lisa Biron*
Lisa Biron
Reg. # 12775-049

### Certificate of Service and of Timely Filing

I hearby declare, under penalty of perjury, that this Petition was mailed U.S. Firstclass postage paid to the Fifth Circuit Court of Appeals by depositing said document in the inmate legal mail system on this date, and that a copy of same was mailed to AUSA Angie Henson.

1/9/17
Date

*Lisa Biron*
Lisa Biron

**Opinion for Review**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10607
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
November 23, 2016
Lyle W. Cayce
Clerk

LISA A. BIRON,

                                                        Petitioner-Appellant

v.

JODY UPTON, Warden, Federal Medical Center Carswell,

                                                        Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-772
USDC No. 4:14-CV-823

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

      Lisa Biron, federal prisoner # 12775-049, filed a 28 U.S.C. § 2241 petition in the District of Connecticut to challenge three disciplinary convictions. Biron incurred a fourth disciplinary conviction after her transfer to a Bureau of Prisons (BOP) facility at FMC Carswell, where she is presently incarcerated, and she filed another § 2241 petition to challenge that disciplinary conviction,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which like the others, resulted in punishments that included the loss of good conduct time. The Connecticut federal district court transferred Biron's first § 2241 petition to the Northern District of Texas.

The Government answered the petitions, arguing that Biron's challenges to her disciplinary convictions lacked merit and that Biron's challenges to three of her disciplinary convictions should be dismissed because she had failed to exhaust her administrative remedies. Biron filed a reply. After consolidating the petitions, the district court addressed the merits of Biron's challenge to the disciplinary conviction associated with Incident Report 2511967 and denied habeas relief. The district court dismissed Biron's claims as to the disciplinary convictions associated with Incident Reports 2543232, 2545925, and 2602170 for failure to exhaust administrative remedies. Biron timely appealed.

As to the disciplinary conviction associated with Incident Report 2511967, Biron argues that she was denied notice and the opportunity to defend herself when the Regional Director changed her disciplinary conviction from a Code 196 violation to a Code 296 violation. She also contends that she violated no prison rule and that there was no evidence to support the disciplinary conviction.

The record shows that the same facts alleged to support the original Code 196 charge provided the basis for Biron's conviction of a Code 296 violation. Biron's rights to notice and to the opportunity to defend herself therefore were not abridged. *See Downs v. Wages*, 62 F.3d 395, 1995 WL 450196, *1-2 (5th Cir. July 3, 1995) (unpublished). Further, a Code 296 violation can be committed in various ways, including "writing letters in code." 28 C.F.R. § 541.3(a). The record establishes that Biron wrote a letter, addressed to her father, which contained a message intended for her minor daughter, whom Biron referred to as "my Cousin Erin." Based on the foregoing, there was some

evidence to support the disciplinary conviction. *See Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001).

Biron contends that the district court abused its discretion in dismissing her challenges to the disciplinary convictions associated with Incident Reports 2543232, 2545925, and 2602170 for failure to exhaust administrative remedies. She argues that (1) because the issue of a "no contact" order was common to all of her administrative appeals, and that issue was resolved in her initial administrative appeal, she should be deemed to have exhausted the issue for purposes of subsequent administrative appeals, (2) the BOP made administrative remedies unavailable in various ways, and (3) her failure to exhaust should be excused because the pursuit of administrative remedies was futile. After a thorough review of the record in light of Biron's arguments, we conclude that Biron has failed to establish that the district court abused its discretion in dismissing her claims for failure to exhaust administrative remedies. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Further, as to Biron's challenge to the disciplinary conviction associated with Incident Report 2602170, we affirm for the additional reason that Biron was "required to exhaust [her] administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241." *Id.*

Finally, Biron asserts that it was plain error for the Connecticut federal district court to allow the BOP to transfer her to a facility in Texas after she had filed a § 2241 petition in the District of Connecticut, and she requests that we order the BOP to transfer her back to its Northeast Region. We have held that "[t]he hallmark of a statute that has not created a liberty interest is discretion," and "[w]here the statute grants the prison administration discretion, the government has conferred no right on the inmate." *Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir. 2007). In view of the BOP's broad

discretion in designating the place of a prisoner's incarceration, *see* 18 U.S.C. § 3621(b), there was no error, plain or otherwise. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *Richardson*, 501 F.3d at 419.

AFFIRMED.

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10607
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
November 23, 2016

D.C. Docket No. 4:14-CV-772
D.C. Docket No. 4:14-CV-823

Lyle W. Cayce
Clerk

LISA A. BIRON,

    Petitioner - Appellant

v.

JODY UPTON, Warden, Federal Medical Center Carswell,

    Respondent - Appellee

Appeal from the United States District Court for the
Northern District of Texas, Fort Worth

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

### JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.



⇔12775-049⇔
Fifth Circuit Ct Appeals
Clerk of the Court
600 S Maestri Pl
NEW Orleans, LA 70130-3408
United States

Lisa Biron
B775-049
FMC Carswell
P.O. Box 27137
Fort Worth, TX 76127